ROBERT MALCOMSON, Appellant, *vs.* M. S. STRONG *et al.*
Appellees.

*Opinion filed April 21, 1910—Rehearing denied June 8, 1910.*

1. PETITIONS—*right of voluntary signers to withdraw names.*
Voluntary signers of a petition, such as a petition to vacate a highway, have a right to withdraw their names from such petition at any time before it is finally acted upon.

2. HIGHWAYS—*what is not such final action on petition as precludes withdrawal of signatures.* The mere meeting of highway commissioners and noting that a petition to vacate a highway has been filed, fixing a date for its consideration and ordering the clerk to give notice is not final action such as precludes the withdrawal of signatures from the petition.

APPEAL from the Circuit Court of Schuyler county; the Hon. GUY R. WILLIAMS, Judge, presiding.

B. O. WILLARD, for appellant.

W. H. DIETERICH, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Schuyler county quashing the writ and dismissing the petition in a proceeding by a common law *certiorari* to review the action of the highway commissioners in vacating a highway in Rushville township, in said county.

The return to the writ, which set out the record of the proceeding to vacate the highway, shows that a formal petition containing the requisite number of signatures was filed with the town clerk on January 2, 1909, and that the commissioners met at the office of the town clerk on January 6, 1909, and called a meeting at the residence of M. S. Strong, one of the commissioners, for January 19, 1909, for the purpose of hearing reasons for and against granting the prayer of said petition, and ordered the clerk to

post five ten-day notices of said meeting; that at the meeting held at the residence of M. S. Strong a partial hearing was had, and the meeting adjourned to the town clerk's office, in the city of Rushville, to Saturday, January 23, 1909, at ten o'clock A. M., for the purpose of completing the hearing upon said petition, and that due notice and proclamation was given of the adjournment of said meeting; that at the adjourned meeting on January 23, 1909, the hearing was completed and the commissioners decided to grant the prayer of the petition and vacate the road, and entered a formal order to that effect.

The original petition contained twenty-three subscribers. The record also shows that seventeen of the subscribers filed a withdrawal of their names from said petition on the 16th day of January, 1909. If the withdrawal of their names be given effect, it is conceded that there was not a sufficient number left on the petition to comply with the statute. The circuit court held that the petitioners had no legal right to withdraw from the petition after the preliminary meeting on January 6, 1909, at which it was claimed the petition was acted upon to such an extent as to estop the subscribers from withdrawing their names. The ruling of the court upon this question is assigned as error in this court and is the point upon which the rights of the parties depend.

The law is settled in this State that voluntary subscribers to a petition, such as the one here involved, have a right to withdraw their names from such petition at any time before the petition is finally acted upon. (*Littell* v. *Supervisors of Vermilion County,* 198 Ill. 205; *Theurer* v. *People,* 211 id. 296; *Mack* v. *Polecat Drainage District,* 216 id. 56; *Kinsloe* v. *Pogue,* 213 id. 302.) Under the rule announced in the above cases we think the trial court erred in holding that the withdrawal was not in apt time. The petition in this case was not finally acted on at the time the withdrawal was filed. The time appointed for the first

meeting, at which final action on the petition might have been taken, had not arrived. Merely meeting and noting that a petition had been filed, fixing a date for its consideration and ordering the clerk to give notice was not such final action upon the petition as deprives the subscribers of their right to withdraw from the petition. The court erred in quashing the writ and dismissing the petition.

The judgment is reversed and the cause remanded to the circuit court of Schuyler county, with directions to that court to sustain the motion to quash the return.

*Reversed and remanded, with directions.*