(No. 14183.—Reversed and remanded.)

THE PEOPLE ex rel. J. L. Vick et al. Appellants, vs.
D. I. KIRKHAM et al. Appellees.

*Opinion filed December 22, 1921.*

1. SCHOOLS—*what territory constitutes a "community" high school district.* The territory comprising a community high school district should be limited to a community of people with common interests and associations and with a community center, and should be·bounded, so far as practicable, in the spirit of the law, by an imaginary line beyond which the people go in the opposite direction toward another community center.

2. SAME—*territory of community high school district should be compact and contiguous.* The constitution and the laws intend that a community high school district shall not be abnormal in size but shall be composed of such compact and contiguous territory as will permit reasonably convenient attendance on the high school under ordinary circumstances, and if a district be so organized as to include within its boundaries an impassable area of hilly, forest or swamp land of considerable extent, or an unbridged river, it is not compact and contiguous within the spirit of the law.

3. SAME—*when demurrer to plea setting up curative act of 1921 should be sustained.* Where an information attacking the organization of a community high school district alleges that the district is not compact and contiguous, a demurrer to a plea setting up the curative act of 1921 should be sustained; and whether the plea be considered as a plea in abatement or in bar, upon further pleading, after remandment of the cause, either party may introduce proof on the question whether the territory of the district is compact and contiguous.

4. QUO WARRANTO—*defendant to information has burden of setting out his title.* In a *quo warranto* proceeding the People are not bound to show anything but the defendant to the information must either disclaim or justify, and if he justifies he must show on the face of the plea of justification that he has a valid title to the office.

5. SAME—*whether plea to information is in bar or abatement depends on nature of defense.* Pleadings in *quo warranto* proceedings are governed by the same rules that prevail in other civil actions, and the proper practice is for the defendant or respondent to file a plea, but whether he pleads in bar or in abatement depends upon the nature of the defense.

CARTWRIGHT and DUNN, JJ., dissenting.·

APPEAL from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

LESLIE L. WILBOURN, State's Attorney, ALEXANDER WILSON, and M. J. O'SHEA, for appellants.

DEWEY & CUMMINS, and ASA J. WILBOURN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

A petition was filed by the State's attorney of Alexander county in behalf of the People, on the relation of several persons, for leave to file an information in the nature of *quo warranto* against D. I. Kirkham and others, members of the board of education of proposed community high school district No. 17, in said county, inquiring by what authority they claimed to exercise corporate powers and franchises in holding said offices. To this information appellees filed a plea. Later a general demurrer was filed by appellants, which was overruled by the court and the plea sustained abating the suit. Appellants elected to stand by the demurrer and final judgment was rendered against them for costs of suit, and an appeal was taken to this court.

The information alleged that the proposed community high school district is composed of 27,320 acres of land, is about forty-two square miles and of irregular shape; that eight sections of land in its northerly portion, by reason of the hilly formation, are inaccessible to the town of Olive Branch, where, it would appear from the pleadings, the community high school building is to be located, and is also inaccessible to other portions of the district, and therefore those sections would not receive any benefit from such organization. It appears from the description of the boundaries of the proposed district as alleged in the information, that the northern boundary line is four miles long; that the

greatest north and south dimension of the district is substantially nine miles; that at the southern end it is some seven miles from the most easterly point to the most westerly point of the district; that the southeastern portion is bounded on the east by the Cache river and the southwesterly portion is bounded on the west by the Mississippi river; and that the southern portion of the district contains within its boundaries a small body of water, called Horseshoe lake.

The plea of appellees is entitled a "plea in abatement," but it is contended by appellants that it is really a plea in bar. It sets forth, in substance, the so-called curative act enacted by the General Assembly on May 10, 1921, regarding the organization of high school districts; that all that is required under said act is that a majority of the inhabitants of any contiguous territory voting on the proposition have voted, at an election called for the purpose by the county superintendent of schools, in favor of the organization of such territory into a community high school district; that said act provides that no irregularity, defect or omission whatsoever in the time or manner of calling, holding or conducting any such election shall be held to invalidate any such election.

It is argued by counsel for appellees that the curative act only provides that the district shall contain contiguous territory, and it is not necessary that the territory shall be compact as well as contiguous. In discussing this question and the question as to the constitutionality of this curative act, this court in *People* v. *Young*, (*post,* p. 67,) after stating that this validating act omits the requirement that the territory be compact, held that the constitution requires the legislature to provide a thorough and efficient system of free schools for all children of the State, and that therefore the legislature could not create a school district which was not sufficiently compact to enable the children to reach the school conveniently; that in order that the statute be constitutional, which provides that any contiguous territory can be organ-

ized into a school district, it must be held that the word
"contiguous" means the same as the term "contiguous and
compact," and that therefore a territory which is not com-
pact as well as contiguous, so as to furnish convenient ac-
cess for all the children in the proposed district to the
school building, cannot be held valid. Under the proceed-
ings to organize this proposed district it is called a commu-
nity high school district. Lexicographers define the word
"community" as "a body of people having common rights,
privileges or interests or living in the same place under the
same laws and regulations;" "living in a common home
or with some apparent association of interests;" "common
character;" "likeness." (Webster's New Int. Dict.; New
Standard Dict.) These are substantially the definitions
given by most lexicographers. If these definitions are ap-
plied to the term "community high school district," the ter-
ritory comprising such district should usually be limited to
a community of people with common interests and associa-
tions, with a community center, where the people are ac-
quainted and accustomed to gather and intermingle. It is,
of course, true that such communities have no definite or
fixed boundaries. One community merges into another, but
there is a line somewhere beyond which the greater part
of the people go in the opposite direction toward another
community center. That line is the community boundary
line, and the district boundaries of a community high school
district should, so far as practicable, correspond with the
spirit and intent of the law as to this community boundary
line. The spirit and intent of the law are violated when-
ever the attempt is made to incorporate the territory of sep-
arate and distinct communities into one community high
school district. The territory should be compact and con-
tiguous. It is self-evident, also, that the constitution and
laws intend that a district should not be abnormal in size
but should be composed of such compact and contiguous
territory as will permit reasonably convenient attendance on

the high school under ordinary circumstances. If a district be so organized as to include within its boundary lines an impassable area of hilly, forest or swamp land of considerable extent, or an unbridged river, it would not be compact and contiguous within the spirit of the law. (*People* v. *Moyer*, 298 Ill. 143.) Under the allegations of this information it would seem that this territory is abnormal in size and that all portions of it are not conveniently accessible to all its other portions, and that if the high school building should be located approximately at the geographical center of the proposed district, children in certain localities will have to travel from six to eight miles, or possibly more, to reach the school and an equal distance to return to their homes, and that the surface of the country is of such a character that ordinary country roads in bad weather would be practically impassable.

Under our statute with reference to *quo warranto* proceedings, and the decisions construing the same, it has been held that in proceedings in the nature of *quo warranto* the defendant must either disclaim or justify, and if he justifies he must set out his title specifically. He must show on the face of the plea of justification that he has a valid title to the office. The people are not bound to show anything. (*People* v. *Karr*, 244 Ill. 374, and cases cited.) In *People* v. *Ridgley*, 21 Ill. 64, the court said (p. 67) : "This court has decided that the people are not required to show anything. The entire onus is on the defendant, and he must show by his plea, and prove, that he has a valid title to the office. He must set out by what warrant he exercises the functions of the office, and must show good authority for so doing or the people will be entitled to judgment of ouster." Pleadings in *quo warranto* proceedings under our practice are governed by the same rules that prevail in other civil actions. (*Bishop* v. *People*, 200 Ill. 33; *Independent Medical College* v. *People*, 182 id. 274; *People* v. *Heidelberg Garden Co.* 233 id. 290.) In *quo warranto* proceedings the

301—4

proper practice is for the respondent to file a plea. (*People* v. *Percells,* 3 Gilm. 59.) Whether he pleads in bar or in abatement would depend upon the nature of the defense. "A plea in bar of the action may be defined as one which shows some ground for barring or defeating the action and makes prayer to that effect. * * * Pleas in bar are addressed to the merits of the claim and as impairing the right of action altogether, whereas pleas in abatement tend merely to divert, suspend or defeat the present suit." (*Pitts Sons' Manf. Co.* v. *Commercial Nat. Bank,* 121 Ill. 582.) It is plain from a reading of the body of this plea that it contends that the curative act validated the organization of this district, and that it was, in effect, a plea in bar, although possibly, under the authorities, the beginning and ending might be construed to indicate a plea in abatement. Whether it be considered a plea in bar or a plea in abatement, in our judgment the demurrer to it should have been sustained, for if the plea possessed any merit at all it was intended to be to the effect that the curative act must abate the writ, and the plea failed to show specifically why appellees claim title to positions as members of the board of education. Under the authorities already cited, in attempting to justify they must set out their title specifically and must show on the face of the pleading that they have a valid title to their offices. Under the allegations of the information it appears that the alleged school district embraces territory that is not so compact and contiguous as to afford all the children of school age residing within the boundaries of the district reasonable access to the high school, and the curative act, therefore, under the authorities cited, could not make the organization of such district valid and constitutional. The trial court should have sustained the demurrer to the plea of appellees. Whether the territory proposed to be included in the district is compact and contiguous and complies with the constitution so as to make the school building reasonably accessible to all the children

in the proposed district may be shown, if desired by either party, in the trial court under proper pleadings and proof.

The judgment of the circuit court is reversed and the cause remanded to that court for further proceedings.

*Reversed and remanded.*

CARTWRIGHT and DUNN, JJ., dissenting.