———————

(No. 14975.—Judgment affirmed.)
THE PEOPLE *ex rel.* Oliver Goelzer *et al.* Appellees, *vs.*
BYRON J. CRAWFORD *et al.* Appellants.

*Opinion filed December 19, 1923.*

SCHOOLS—*when community high school district is not compact.* A community high school district is not compact within the meaning of section 89a of the School law, and does not comply with constitutional requirements, where it is of such size and so irregular in shape that pupils living in remote parts of the district will have to travel from nine to seventeen miles to reach the school building by the most convenient routes, and where a part of the district is cut off by a river which overflows three or four times during the school year.

DUNN, DUNCAN and THOMPSON, JJ., dissenting.

APPEAL from the Circuit Court of White county; the Hon. CHARLES H. MILLER, Judge, presiding.

GEE & GEE, (GEORGE NEGLEY, of counsel,) for appellants.

E. B. GREEN, and BEN H. TOWNSEND, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Relators, by leave of the circuit court of White county, filed an information in the nature of *quo warranto* against the board of education of the Grayville Community High School District No. 206, located in the counties of White, Edwards and Wabash. The information describes the boundaries of the district, alleging that it contains more than 54,000 acres of land, including the city of Grayville, which has a population of nearly 2000, in which a school is now being conducted by the respondents in space rented in the city school building. The information sets out the distances from the remote parts of the district to the city of Grayville and the length of time necessary to travel to and from the school by pupils living in the distant parts. The information charges that the district is not contiguous and compact territory, as required by the statute and the constitution. The pleas of respondents deny the material averments of the information. A jury was waived, and by stipulation made on the trial the only question open for decision of the court was whether or not the territory was legally organized so as to comply with the constitutional requirement that the district shall be such a one as will provide a thorough and efficient system of education for the children of the district and with the law requiring the same to be compact and contiguous territory. A hearing of evidence was had before the court, which made the writ absolute and entered judgment of ouster against respondents.

The territory of the district lies along the Wabash river, which forms the eastern boundary of the district. Much of the territory along the river is broken hill land, necessitating circuitous routes of travel. Grayville is located on this river. An examination of the plat offered in evidence shows the district to contain 85 sections of land. It lies

principally northeast and southwest of Grayville. The distance from the northeast to the southwest corner of the district is nineteen miles, from the southwest corner to the city of Grayville by traveled road is nine miles, and from the northeast corner to the city of Grayville is twelve miles. At a point about four miles northeast of Grayville the district is but one and a half miles in width. Northeast of that point the territory widens into a tract four miles north and south by almost seven miles east and west at its greatest distance. Southwest of Grayville the Little Wabash river cuts off from the rest of the district 12½ sections of land. The evidence for the petitioners shows that from the land lying west of the Little Wabash river pupils must travel from nine to twelve miles to attend school at Grayville; that the Little Wabash overflows its banks from three to four times in the winter months and at times in the autumn, during which overflow it is impossible for children on that side of the district to attend school in Grayville. Pupils in the southeast corner of the district must travel thirteen miles to reach the school building. The northeast portion of the district extends to within one mile of the corporation line of the village of Keensburg, which has a population of over 400 and a consolidated high school in operation. The high school pupils from that part of the district attend the high school in Keensburg and never have attended the high school in Grayville. The evidence for petitioners also shows that the distance from the northeast corner of the district in Wabash county to Grayville by the road necessarily traveled in winter is fourteen miles, and by the shortest way, over dirt roads which the evidence shows cannot be used in winter, is twelve miles, while some portions of the territory are so remote as to require pupils to travel seventeen and a half miles to attend school in Grayville; that there are twenty-three children of high school age in this part of the district who are unable to attend high school in Grayville. The evidence shows that some

of the roads of the district are graveled but that for the most part they are dirt roads.

Section 89*a* of the School law, under which this district was attempted to be organized, requires that the territory shall be compact and contiguous, and the evidence for petitioners, most of which is not denied, tends to establish that the territory does not meet this requirement of the statute. This issue, as an issue of fact, was submitted to the circuit court of White county, and that court found against the respondents and entered judgment ousting them and dissolving the district. Evidence for the respondents tends to show that one pupil living at a distance of nine miles attended school regularly, though his testimony also shows that he was required, on account of high water, to at times leave the road and take to the fields on horseback. Other pupils attend regularly at distances of over five miles. This court in *People* v. *Kirkham,* 301 Ill. 45, and *People* v. *Young,* 301 id. 67, laid down the rule that districts must, under the constitution, be sufficiently compact to enable the children to reach the school with a reasonable degree of convenience. To the same effect are *People* v. *Price,* (*ante,* p. 66,) and cases there cited. Those cases are binding here. The evidence shows that the district, by reason of its irregular dimensions, topography and distance of travel, does not comply with such requirements or with the statute requiring that the territory shall be compact and contiguous. The circuit court so found, and its finding is sustained by the evidence.

The judgment will therefore be affirmed.

*Judgment affirmed.*

DUNN, DUNCAN and THOMPSON, JJ., dissenting.