(No. 15206.—Reversed and remanded.)
THE PEOPLE ex rel. Frank Gillespie et al. Appellants, vs.
NICKOLAS SUESS et al. Appellees.

*Opinion filed April 14, 1924.*

1. SCHOOLS—*when high school district must be held invalid.* A community high school district must be held invalid where because of its size and the unimproved condition of its roads the different parts of the district are not so adjacent to the school building that all the children of school age residing in the district can conveniently travel from their homes to the school building in a reasonable time before school opens in the morning.

2. SAME—*a school building need not be equally accessible to every pupil.* It is impossible to provide a system of free schools which will place a school house at a point that will be equally accessible to every prospective pupil, and the courts will not hold a high school district invalid where it affords all the children of high school age reasonable opportunity to attend school and receive a high school education. ·

3. SAME—*every presumption will be indulged in favor of validity of school district.* Every reasonable presumption will be indulged in favor of the validity of a school district established by authority of the legislature, and the courts will not hold a district invalid unless it clearly appears from the evidence that children of school age residing in the district cannot avail themselves of the privileges of the school.

APPEAL from the Circuit Court of Bond county; the. Hon. J. F. GILLHAM, Judge, presiding.

J. H. ALLIO, State's Attorney, CHARLES E. DAVIDSON, and C. J. LINDLY, for appellants.

ROBERT E. WRIGHT, for appellees.

Per CURIAM: This appeal is prosecuted to review a judgment of the circuit court of Bond county holding Community High School District No. 80 to be valid and finding appellees not guilty of usurping the offices of members of the board of education of said district.

The district is ten miles long and six miles wide and is in the shape of a rectangle, with two sections cut out of the northeast corner, four sections out of the southeast corner and three sections out of the southwest corner. It is comprised of fifty-one sections of rough, broken land. Near the center of the district is the village of Pocahontas,—a mining town with a population of about 700. For several years a high school has been maintained at Pocahontas. The community high school district was organized three years ago, and since its organization it has maintained the community high school in rented quarters on the second floor of the building owned and occupied by the Pocahontas common school district. Old National Trail, a public highway improved with a sixteen-foot concrete pavement, passes through Pocahontas, crossing the district from east to west. It is paralleled by the Pennsylvania railroad. There are no improved highways and no railroads running through the district north and south. One-half mile south of the north line and a mile and a half east of the west line is the incorporated village of Old Ripley, which has a population of 200. Stretched across the south end of the district is the village of Millersburg, which is composed of two settlements four miles apart and connected by a narrow strip of land included within the corporate limits to conform to the requirements of the statute. The east end of the village of Millersburg is known as Baden-Baden, and is located a mile and a half from the south line of the district and one mile from the east line. About 200 people live there. The west end of the village of Millersburg is known as Peirron, which is located on the Pennsylvania railroad just outside the west boundary of the district. Peirron numbers about 200 people. Shoal creek enters the district about the middle of its north line and meanders easterly and southerly, leaving the district at its southeast corner. Dorris creek and Indian Shoal creek join inside the district about a mile and a half from its northeast corner

and empty into Shoal creek about half a mile from their junction. Little Shoal creek enters the district about three miles south of the northeast corner and flows through two sections of land and joins Shoal creek. Cox branch enters the district about the middle of the west line and flows across five sections of land and empties into Shoal creek about a mile and a half north of Pocahontas. Locust Fork creek rises south of Pocahontas, meanders across six sections of land in the southwest corner of the district and leaves the district about the middle of its south line. A number of unnamed tributaries of these several creeks cross lands in the district. The land is so broken that no public highway in the district follows a section line for as great a distance as four miles.

Twenty-two witnesses testified that the roads in the district were poorly-kept, unimproved dirt roads, practically impassable for several weeks in February and March every year, and that Shoal creek and its tributaries frequently overflowed and flooded the highways crossed by them for several days at a time. There are photographs in the record showing Shoal creek and Little Shoal creek when they were more than 100 yards wide. Seven times in March and April preceding this hearing these creeks were so high that it was impossible to cross them except on the hard road. It is eight miles from the school house in Pocahontas to the northwest corner of the district. The school house is six miles from Old Ripley, and no children living there attend the high school. It is four and one-half miles from Millersburg, and but two children living there are attending the school. Both of them are boys and both walk to school. Out of a total enrollment of sixty-nine pupils, fourteen attend from the territory outside the corporate limits of Pocahontas and within a radius of five miles from the school. No pupil residing in the district at a greater distance than five miles is attending the high school, and the only pupils who attempt to travel more than two miles

are boys.  Three girls board themselves in furnished rooms rented by their parents, and some of the other children stay in Pocahontas during the worst weather.  Three boys who live four and a half miles from Pocahontas make the trip in twenty or thirty minutes when the roads are good and they can travel in their automobiles.  When the roads are bad and they drive a horse it takes them two hours.  Sometimes the roads are so bad that the boys have to travel on horseback or walk to school, and sometimes they miss school on account of bad roads.  These boys who are attending school from the country, four mailmen, and about a dozen other persons, testified that the roads of the district are never impassable, but all of them admitted that sometimes they are so bad that one horse cannot· pull a buggy over them.  By using two horses when the roads are bad the mailmen are able to cover their twenty-five mile routes in seven or eight hours.  Once in a while the one whose route includes Old Ripley is unable to cross Shoal creek because of overflow.  From the northeast corner of the district to Pocahontas is seven miles, and it is but three and one-half miles from the same point to Greenville, the county seat of Bond county, where is located Greenville College and a first-class high school.

It is contended that the district is invalid for the reason that it includes more than one community and is not sufficiently compact, the condition of the roads considered, to form a part of a thorough and efficient system of free schools.  This court has uniformly held that a district is invalid which because of its size or road conditions does not enable children of school age to travel from their homes to the school building in a reasonable length of time and with a reasonable degree of comfort.  (*People* v. *Farran,* 311 Ill. 87; *People* v. *Young,* 301 id. 67; *People* v. *Kirkham,* 301 id. 45.)  It is, of course, impossible to provide a system of free schools which will place a school house

at a point that will be equally accessible to every pros-
pective pupil, and the courts will not hold a district in-
valid where the district affords all the children of high
school age reasonable opportunity to attend school and re-
ceive a high school education. (*People* v. *Cowen,* 306 Ill.
330; *People* v. *Graham,* 301 id. 446.) Every reasonable
presumption will be indulged in favor of the validity of a
school district established by authority of the legislative de-
partment of the government, and the courts will not hold
the district invalid unless it clearly appears from the evi-
dence that children of school age residing in the district can
not avail themselves of the privileges of the school. In this
case we find a district which includes within its boundaries
three incorporated villages. The school house is located in
the village near the center of the district and there is no
means of transportation for the children living in the other
villages. Old Ripley is an inland village six miles north-
west of Pocahontas, and the road between the two villages
is narrow and hilly and for several weeks each year nearly
impassable. No child from this village attends the high
school, and it is not reasonable to expect that children
living there who have no means of conveyance can walk
twelve miles a day over bad roads in winter weather and
have much energy left to give to their studies. Under the
authority of the decisions hereinbefore cited, and the follow-
ing decisions, *People* v. *Crawford,* 310 Ill. 205, *People* v.
*Price,* 310 id. 66, *People* v. *Young,* 309 id. 27, and *People*
v. *Simpson,* 308 id. 418, we must hold that because of the
unimproved condition of the roads and the character of the
territory embraced within this district all parts of the dis-
trict are not so adjacent to the school building that all the
children of school age residing in the district can conven-
iently travel from their homes to the school building in
the time allotted them for travel before school opens in the
morning.

The judgment is reversed and the cause remanded to the circuit court, with directions to enter a judgment of ouster.

*Reversed and remanded, with directions.*