(No. 15016.—Judgment reversed.)

THE PEOPLE *ex rel.* George V. Dole *et al.* Appellees, *vs.* R. E. STANDLEY *et al.* Appellants.

*Opinion filed June 17, 1924.*

1. SCHOOLS—*when community high school district is sufficiently compact.* A community high school district is sufficiently compact to satisfy the law where it is but six miles wide and seven miles long and has a school house located in a village in practically the center of the district, which is accessible by well-kept dirt roads as well as some hard-surfaced roads, none of which are subject to being overflowed by streams.

2. SAME—*district is sufficient if it constitutes a community for school purposes.* In determining whether a community high school district is invalid as comprising more than one community it is only necessary to determine whether it constitutes a community for school purposes, and the fact that people residing in the district trade at stores, deliver grain to elevators, do their banking and attend church in cities or villages outside the district does not of itself establish that the territory of the district does not constitute one community for high school purposes.

3. SAME—*presumption is in favor of validity of a school district.* Every reasonable presumption will be indulged in favor of the validity of a school district established by authority of the legislative department of the government, and the courts will not hold a district invalid unless it clearly appears from the evidence that children of school age residing in the district cannot reasonably avail themselves of the privileges of the school.

APPEAL from the Circuit Court of Edgar county; the Hon. A. A. PARTLOW, Judge, presiding.

O'HAIR & McCLAIN, and STEWART W. KINCAID, for appellants.

GEORGE E. BRISTOW, State's Attorney, (SHEPHERD, TROGDON & DOLE, and CRAIG & CRAIG, of counsel,) for appellees.

Per CURIAM: This appeal is prosecuted to review the judgment of the circuit court of Edgar county holding Redmon Community High School District No. 160, in said county, void and ousting appellants from the offices of members of the board of education.

Two questions are presented for decision: (1) Is the district composed of contiguous territory sufficiently compact to provide children of high school age residing therein, reasonable opportunity to attend school? And (2) Does the district comprise more than one community?

The distance between the east and west boundaries of the district is seven miles and the distance between the north and south boundaries is six miles. Within the boundaries of the district there are thirty-six and one-quarter sections of land. The site of the school house in the village of Redmon is practically in the center of the district. Seventeen miles of east and west roads and ten miles of north and south roads in the district are improved with concrete, gravel or other durable surfacing. Other roads in the district are ordinary dirt roads, which are well kept. The lands in the district are level and there are no streams which overflow the roads. No resident of the district lives a greater distance from the school house site than six miles, and with the exception of a few living in two sections two miles northwest of Redmon there are none living in the district more than one mile from a hard-surfaced road. If there is a high school district in the State of Illinois that is sufficiently compact to meet the test established by the decisions of this court it is this district.

Five and one-half miles east of the southeast corner of the district is the city of Paris, the county seat of Edgar county. There is located in this city a first-class four-year

high school. Kansas, with a population of 1000, maintains
a four-year high school about five miles south of the south-
west corner of the district. Brocton community high school
is located approximately three miles north of the northwest
corner of the district. A two-year high school is maintained
at Isabel, a mile west of the west boundary of the district,
and another at Dudley, one and one-half miles south of
the south line of the district. The principal contention of
appellees is that the cities and villages named are centers of
communities which extend into territory included within the
boundaries of Redmon Community High School District,
and it is said in the briefs that it was for this reason that
the circuit court declared the district void. While for many
purposes the people of all the territory included within this
district may be said to be a part of the community of Paris
and for more limited purposes some of the inhabitants of
the district may be a part of the community of Isabel and
other near-by villages, it does not necessarily follow that
Redmon is not the center of a community bounded by the
established district lines when the question to be decided is
the location of the site of a community high school. The
fact that people residing in the district trade at stores, de-
liver grain to elevators, do their banking business and attend
church in cities or villages outside the district does not of
itself establish that the territory in which they live is not
a part of the community of Redmon for high school pur-
poses. (*People* v. *Cowen,* 306 Ill. 330; *People* v. *Young,*
301 id. 67.) Every reasonable presumption will be in-
dulged in favor of the validity of a school district estab-
lished by authority of the legislative department of the
government, and the courts will not hold the district invalid
unless it clearly appears from the evidence that children of
school age residing in the district cannot reasonably avail
themselves of the privileges of the school. This record
shows that children from all parts of this district are reg-
ularly attending school at Redmon. In establishing this dis-

trict, territory naturally belonging to other high school centers has not been invaded to that degree which renders the school district invalid.

The judgment entered by the circuit court finding this district invalid and ousting appellants from their offices is not warranted by the evidence, and it is therefore reversed.

*Judgment reversed.*