[No. 19103.    Department One.    April 23, 1925.]

*In the Matter of the Appeal of* CHICAGO, MILWAUKEE &
ST. PAUL RAILWAY COMPANY *et al., from order
changing boundaries of School Districts
Nos. 24 and 28, Kittitas County.*[1]

SCHOOLS AND SCHOOL DISTRICTS (11)—CHANGE OF BOUNDARIES—
DECISION—REVIEW OF PROCEEDINGS. An appeal lies to the superior
court from an order of a school superintendent changing the boun-
daries of the school district.

SAME (7-1, 8)—CHANGE OF BOUNDARIES—EXTENSION OF DISTRICT—
REASONABLENESS. A change in the boundaries of a school district is
unreasonable and cannot be sustained where its irregular lines
were so drawn as to exclude certain objecting inhabitants and to
include two parallel railroad and telegraph lines, and school chil-
dren living within one mile of one school would be required to travel
twenty miles, and other children living within one mile of another
school would be required to travel thirty-five miles in order to
attend school in the new district.

Appeal from a judgment of the superior court for
Kittitas county, Nichoson, J., entered October 15, 1924,
reversing an order of the county school superintendent
changing the boundaries of school districts, after a
trial to the court. Affirmed.

*E. E. Wager,* for appellant.

*F. M. Dudley* and *A. J. Laughon,* for respondent
Chicago, Milwaukee & St. Paul Railway Company.

*F. A. Kern,* for respondent School District No. 28.

ASKREN, J.—Roslyn School District No. 24, being
desirous of raising additional revenue by taxation for
school purposes, made application to the county super-
intendent to annex certain portions of School District
No. 28. On the hearing before the superintendent, an

[1] Reported in 235 Pac. 355.

order was made changing the boundaries of Districts No. 24 and 28 in conformity with the petition. An appeal was taken to the superior court, where, upon trial *de novo*, the order of the superintendent was reversed. School District No. 24 has appealed.

The first contention made by appellant is that there is no appeal from the order of the superintendent. The record in this case shows that no objection was raised in the trial court, and it appears that the proceedings had were the same as in *State ex rel. Bouffleur v. Superior Court,* 111 Wash. 477, 191 Pac. 621. Therefore we conclude that this contention is without merit.

The only other question raised goes to the merits of the controversy. The authority for the formation of school districts will be found in chap. 31, p. 74, Laws of 1923, as follows:

"Every incorporated city in the state shall be comprised in one school district, and shall be under the control of one board of directors: . . . Provided, that nothing in this section shall be so construed as to prevent the extension of such city district a reasonable distance beyond the limits of such city: . . ." Rem. 1923 Sup., § 4703.

The crux of this case is whether the extension of the district was a reasonable distance as provided in the statute.

It will first be necessary to see what territory was taken under the extension in order to ascertain whether it was reasonable. Prior to the superintendent's order changing the boundaries, District 24 comprised the shaded portion of 24 as shown by the map. Thereafter the limits were changed in conformity with the order by annexing to District 24 and taking from District 28 all that territory shown in black. By this map it will be seen that the limits of District No. 24 were extended to the westward a very great distance,

and then southward between Districts No. 28 and 34 until a point is reached parallel with the city of Roslyn. An inspection of the map shows that it is very peculiarly shaped, and this is explained by the fact that the limits were so drawn as to exclude, as far as possible, certain inhabitants of the district who might protest against the change, and to include two parallel lines of railway, the Northern Pacific and the Chicago, Milwaukee & St. Paul, as well as certain telegraph and telephone lines, which are within the extreme southern limits of the district. One glance at the map will demonstrate that, so far as its geographical limitations are concerned, there is nothing reasonable about the extended portion of the district, but, of course, neither the shape of the district nor its length is necessarily a controlling factor in determining whether it should be permitted to stand.

The constitution provides (§ 1, Art. IX):

"It is the paramount duty of the state to make ample provision for the education of all children residing within its borders, without distinction or preference on account of race, color, or sex."

It seems plain that the purpose of the school system is to provide for the education of children, and that, in determining whether or not the limits of school districts are reasonable, regard should be had to the condition in which the pupils of the district will be situated. It is manifest that children living in the western and southern portions of District 24 cannot be provided with an education if it is to be obtained by going to Roslyn. At one point the territory annexed is only a mile from a school house in District 28, yet the children living within that portion of the district will be required to travel a distance of approximately twenty miles to reach the Roslyn school. In another portion of the district, the territory is within a mile of another school house in District No. 28, yet the children living there, if this territory is annexed to District 24, will be required to travel a distance of approximately thirty-five miles, traverse four school districts, and pass four school houses before reaching their own school at Roslyn. The character of the country embraced in this district also has much to do with the reasonableness of the extension. There is a great deal of mountainous country which affects to a marked degree the accessibility of the school at Roslyn. The trial court in its memorandum opinion said:

"A glance at the map which has been introduced as an exhibit in this case discloses a very ungainly and illshaped district if 24 is allowed to stand, and makes it apparent at once that if there ever are children in the western portion of 24 of school age the natural barriers and inconveniences of travel will make it prac-

tically impossible for them to attend school in their own district at Roslyn.''

In Illinois the statute requires districts to be contiguous, and the supreme court of that state in ruling upon a question of like character, in *People ex rel. Leighty v. Young*, 301 Ill. 67, 133 N. E. 693, said:

''The Constitution commands the Legislature to 'provide a thorough and efficient system of free schools whereby all children of this state may receive a good common school education.' It cannot be said that a system which places the school house at a point so remote that the children of school age cannot reach it conveniently is either thorough or efficient. In order to make a school system thorough and efficient the territory of the state must be divided into districts sufficiently compact to enable the children to travel from their respective homes to the school building in a reasonable length of time and with a reasonable degree of comfort. It is known to everyone who knows anything about Illinois roads and Illinois weather that children cannot travel nine or ten miles to school over ordinary country roads in bad weather. The term 'contiguous,' as used in the validating act under consideration, must be construed in the light of the command of the Constitution, and must be construed to mean territory so compact and so closely united and so nearly adjacent to the school building that all the children residing in the district may conveniently travel from their homes to the school building in the time allotted them for travel before school opens in the morning.''

See, also, *People ex rel. Vick v. Kirkham*, 301 Ill. 45, 133 N. E. 697.

The principle there announced applies with all its force to the present case.

The question as to how many school children are now within the limits of the extended portion of the district cannot affect the question of the reasonableness of the extension.

We think it naturally follows that an extension of District No. 24, as provided for in the order of the superintendent, was not reasonable within the meaning of the statute, and that the judgment of the superior court is right and must be affirmed.

It is so ordered.

TOLMAN, C. J., PARKER, BRIDGES, and MAIN, JJ., concur.