(No. 29890.—)

THE PEOPLE *ex rel.* William J. Tuohy, State's Attorney, Appellant, vs. BARRINGTON CONSOLIDATED HIGH SCHOOL DISTRICT No. 224, COOK AND LAKE COUNTIES, *et al.*, Appellees.

*Opinion filed January 22, 1947.*

WILLIAM J. TUOHY, State's Attorney, (JACOB SHAM-
BERG, and RALPH O. BUTZ, of counsel,) all of Chicago,
for appellant.

MALONEY & WOOSTER, of Chicago, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the
court:

This is an action of *quo warranto* started in the superior
court of Cook county by the State's Attorney of that
county. The amended complaint contained two counts.
The first charged that the Barrington Consolidated High
School District No. 224, Cook and Lake counties, was un-

lawfully exercising and usurping the powers, privileges and authority of a consolidated high school district. The second count was against certain individuals· who, it was charged, had unlawfully exercised the powers of members of a board of education of such consolidated district. The prayer of each count was that the defendant or defendants answer by what authority they assumed to exercise such powers. The answer filed by the district and the individual defendants incorporated therein the various steps taken to effect the organization of the district and the selection of a board of education. Issues were formed and after a hearing of evidence a judgment was entered holding the consolidated district was duly organized, that it was authorized to exercise the powers of a consolidated high school district, and that the individual defendants were its duly elected officers and authorized to exercise the powers of a board of education. The amended complaint was dismissed and the State's Attorney perfected an appeal to this court.

The organization of the Barrington Consolidated High School District No. 224, Cook and Lake counties, was the culmination of two organization proceedings, both of which are brought into question in this case. The first was initiated by the filing of a petition with the county superintendent of schools of Cook county asking that the territory therein described be organized into a community high school district. An election was held at which the proposition for the district was adopted. This became Community High School District No. 224. The second was a proceeding by which Community High School District No. 224 and Community High School District No. 123 of Lake county were consolidated to become the Barrington Consolidated High School District No. 224, Cook and Lake counties, the defendant to the first count. The procedural steps are not challenged except through the claim that the various sections of the School Code under which the organizations of

the district were effected are unconstitutional. Four of the five points relied on for reversal present constitutional questions. The fifth is that the territory included within the consolidated district is not compact.

The statutory provisions involved are readily divided into three classes, *viz:* (1) Those which provide for the organization of community high school districts; (2) those that provide for the detachment of common-school districts and consolidated districts from community high school districts, and (3) those that provide for the consolidation of two or more adjoining high school districts. Sections 9 to 11, inclusive, article 10, (Ill. Rev. Stat. 1945, chap. 122, pars. 10-9 to 10-11,) contain the authority for the organization of community high school districts and prescribe the steps to be taken for the organization of such a district. Section 16 of the same article refers to the detachment of common school districts and consolidated districts from community or township high school districts. Sections 21 to 25, inclusive, furnish the authority for the consolidation of two or more adjoining high school districts and for the election of a board of education for such a consolidated district.

The factual background in reference to high school facilities for a part of the territory now included in the Barrington Consolidated High School District No. 224 is as follows. The village of Barrington is divided by the boundary line between Cook and Lake counties. School district No. 4, which appears to have been a common-school district, included within its boundaries all the territory within the corporate limits of Barrington as well as other lands. For a number of years district No. 4 maintained a four-year high school course. Its buildings were located in that part of Barrington located in Cook county.

The petition filed February 14, 1946, with the county superintendent of schools of Cook county for the organization of a community high school district included within

the territorial area therein described the total area of district No. 4 and other lands. The county superintendent of schools of Cook county acted on the petition and called an election for March 30. On March 18, the board of education of district No. 4 adopted a resolution signifying its intention to discontinue the high school course theretofore offered, provided the vote should be favorable for the organization of the territory described in the petition filed February 14, into a community high school district. The election carried and members of the board of education were elected. On April 30, which was after the board of education had been selected for the community district, the board of district No. 4 adopted a resolution definitely discontinuing its four-year high school course. The resolution was made effective as of that date. It appears that the board of education of the community high school district assumed jurisdiction over the four-year high school course on the date the board of education of district No. 4 withdrew its maintenance of such a course, and that the community district used the high school buildings theretofore used by district No. 4 for high school purposes. The board of education of the community district continued to offer a four-year high school course for the pupils residing in the community district until the Barrington Consolidated District came into existence and assumed control in June, 1946.

Plaintiff aptly remarks that if community high school district No. 224 was not legally organized, the proceedings for the consolidation of community district No. 224 with community high school district No. 123, Lake county, would also be defective. Plaintiff does not contend that sections 9 to 11, inclusive, of article 10, which provide for the organization of community high school districts, are unconstitutional, but contends that section 16 is invalid and that its invalidity affects the organization of a community district under the preceding sections.

Section 16 became a part of the School Code in 1935. It deals with two situations which are separated by the element of time as to when the act was adopted. It provides that no territory previously organized as a township or community high school district should include any territory that was a part of a common school district or community consolidated district which was offering a recognized four-year high school course. It authorized the detachment of such territory. As to the other situation, the statute directs that if territory organized after July 1, 1935 as a township or community high school district includes any territory that is a part of a common school district or a community consolidated school district which at the time of the organization or subsequent to the organization of such township or community high school district offers a recognized four-year high school course, such territory shall be detached from the township or community high school district within one year after the organization or the offering of the course as the case may be, unless the common school district or community consolidated district within the one-year period discontinues the recognized four-year high school course.

Plaintiff contends the power given a common school district or a community consolidated district to be detached from a township or a community high school district destroys any organization of a district that might have been effected by proceeding under sections 9 to 11. It is also claimed that the procedure permitted by the statute of detaching the territory tends to the disturbance of school courses and creates jurisdictional confusion between the boards of education of the two districts. It is also claimed that section 16 is indefinite, vague and incomplete.

The General Assembly has the inherent power to enact all laws proper for the government or the welfare of the people of the State that are not prohibited by the constitution of the United States or of this State. Section 1 of article VIII of the constitution, which plaintiff claims has

been violated, provides as follows: "The General Assembly shall provide a thorough and efficient system of free schools, whereby all children of this state may receive a good common school education." It has been held that such provision was a command to the legislature to provide a fair and efficient system of free schools; that it contains but two limitations on its power, which are that the schools so established shall be free and they shall be open to all equally. *Fiedler* v. *Eckfeldt,* 335 Ill. 11.

In *Keime* v. *Community High School Dist.* 348 Ill. 228, it was said: "There is no constitutional restriction or limitation placed upon the legislature with reference to the formation of school districts or the agencies which the legislature shall adopt to provide the system of free schools, and the General Assembly may provide for the establishment of school districts for different purposes and confer upon the respective local authorities or boards of education the power of taxation to the extent of the legislature's will. * * * School districts are *quasi*-municipal corporations, are subject to the plenary control of the legislature, and the latter body may from time to time, in its discretion, abolish school districts, or enlarge or diminish their boundaries or increase, modify or abrogate their powers."

The fact that the territory of a new high school district embraces all or parts of existing common school districts in which high school subjects are taught does not render the organization of the new district invalid. (*People ex rel. Swingle* v. *Pinari,* 332 Ill. 181; *People ex rel. Darnell* v. *Woodward,* 285 Ill. 165.) Nor is it constitutionally objectionable to include in a new high school district territory which already contributes to the maintenance of a high school affording a four-year course of study. *Schrodt* v. *Holsen,* 299 Ill. 247.

It is evident that the intent of the legislature in enacting section 16 was to provide a means whereby a common school district or a consolidated district furnishing a recog-

nized high school course could withdraw from the newly created township or community high school district. This was to avoid duplication of purpose and the imposition of a double tax burden on the people within such district. It does not appear how the transfer effected in this case created any confusion or tended to disrupt the teaching of the high school courses.

In view of the principles announced in the foregoing cases and others which might be added, it is clear that the General Assembly in adopting section 16 was acting within its power and that its provisions do not violate section 1 of article VIII of the constitution.

The next question pertains to the validity of sections 21 to 24, inclusive, article 10, of the School Code, under which the Barrington Consolidated High School District No. 224, Cook and Lake counties, was organized. Petitions for the consolidation of Community High School District No. 224 and Community High School District No. 123 of Lake county were filed with the county superintendent of schools of Cook county on May 6, 1946. The said county superintendent of schools acted on the petition and fixed May 18 as the time of election. Plaintiff refers to section 21 and contends that it requires that the county superintendents of schools of the two counties must act concurrently in calling the election and in the posting of notices. The statute directs that when petitions from two or more adjoining high school districts, each signed by 50 or more voters, shall be filed with the county superintendent of schools "in which the districts or the greater part thereof are situated" such officers shall call an election. The records disclose that of the total area of the consolidated district 24 sections were located in Lake county and approximately 27 in Cook county. Unquestionably the statute required that the petition be filed with the county superintendent of schools of Cook county and there is no requirement that it

be acted upon and the election called by the combined action of the county superintendents of schools of both counties.

It is also argued that if section 21 did not require the combined action of the two county superintendents of schools that it, together with sections 22 to 24, "was so vague, indefinite, incomplete and confusing as to violate section 1, article VIII of the constitution." This is the same general objection that was interposed to section 16, and insofar as the objection may raise a question as to the power of the General Assembly to enact such statute, that question has been answered by what was said in considering the validity of section 16. The contention that the statute is indefinite and vague has nothing to support it. It contains explicit language as to the steps that are to be taken to create a consolidated school district. In its general outline it is the same as the statute which authorized the organization of township high schools, sections 1 to 8, article 10; and community high schools, sections 9 to 11, both of which have been considered by this court in various cases. It has never been thought that they were vague or indefinite or that it was not possible, following the procedure therein outlined, to accomplish the purpose for which it was enacted.

Section 24 directs that after two or more high school districts vote to consolidate "the county superintendent of schools of the county in which such districts are situated shall forthwith call an election to be held" for the purpose of electing a consolidated high school board of education. It is contended that since this section did not provide that the call of the election should be made by the county superintendent of schools of the county in which the district or the greater part thereof was situated, the call for the election should have been issued by the action of the county superintendents of schools of both counties. In view of the provision in section 21, limiting action by the county

superintendent of schools of the county in which the greater part of the district was located, we find that section 24, for the election of a board of education, should be read as containing this same provision.

It is a rule of statutory construction that the intent of the legislature in enacting a statute must be determined from a view of the entire statute and of every material part of it taken and construed together. A statute is passed as a whole and not in parts, therefore, each part or section should be construed in connection with every other part or section, and in seeking the intent of the legislature the court should always consider the general purpose and intent which the legislature had in mind in enacting the statute. (*People ex rel. Auburn Coal and Material Co.* v. *Hughes,* 357 Ill. 524.) The constitutional objections directed against sections 21 to 24, inclusive, cannot be sustained.

Plaintiff's final contention is that the Barrington Consolidated High School District is not compact. It was held in *People ex rel. Leighty* v. *Young,* 301 Ill. 67, and *People ex rel. Vick* v. *Kirkham,* 301 Ill. 45, that the command of the constitution that the General Assembly provide a thorough and efficient system of free schools whereby all children of the State might receive a good common school education required that the schoolhouse be placed at some point whereby the children of school age could travel from their respective homes to the school building in a reasonable length of time and with a reasonable degree of comfort. In the *Young case,* it was held that whether territory embraced within a district is sufficiently compact to create a thorough and efficient system of free schools must be determined from the character of the territory and the means of travel from points in the district to the school building.

The only evidence bearing on this question is a plat introduced in the evidence and the testimony of F. C. Thomas, superintendent of schools of the defendant district, and the finding as to compactness contained in the

report of the State Superintendent of Public Instruction, which report was made pursuant to the requirements of the statute. The district is approximately twelve and one-half miles north and south by four miles east and west. The village of Barrington, where the schoolhouse is located, is the only incorporated city or village in the area. It is located in the center of the district north and south, and along the east boundary. The village has a population of about 4,000 and the total population of the district is approximately 5,000. The State Superintendent estimated that the number of pupils would be 350. The public roads are shown on the plat. It appears that the area of the district is covered by a network of public highways which converge in the general direction of the village of Barrington and are so connected with one another as to make the village readily accessible from any part of the district. There is no evidence as to the general terrain of the country and nothing to show that any part of the district is cut off from the remainder by streams, hills or other barriers. The evidence fully supports the finding of the court that the area of the district is compact. *People ex rel. Tudor* v. *Vance,* 374 Ill. 415; *People ex rel. Lutz* v. *France,* 314 Ill. 51; *People ex rel. Dole* v. *Standley,* 313 Ill. 46.

Plaintiff's contention that the sections of the statute referred to in this opinion are unconstitutional cannot be sustained. The judgment of the superior court holding that the organization of the defendant district was valid and that the members of the board of education were properly selected and duly authorized to exercise the powers and functions of a board of education of said district was correct and is affirmed.

*Judgment affirmed.*