158

THE PEOPLE *ex rel.* Ivan T. Snowden *et al.,* Appellees, *vs.*
MAX HURST *et al.,* Appellants.

*Opinion filed September 24, 1948.*

WILTON A. CARR, of Toledo, for appellants.

W. K. KIDWELL, State's Attorney, (CRAIG & CRAIG, of counsel,) both of Mattoon, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The State's Attorney of Coles County, on the relation of five relators, filed a complaint in *quo warranto* in the circuit court of said county attacking the legality of Lerna Community High School District No. 68 by challenging the right of its officers to hold office. Defendants answered and pleaded justification setting out the proceedings under which the district was organized and alleging that all this had been done according to the statute. (Ill. Rev. Stat. 1945, chap. 122, par. 10-9.) A reply was filed denying the allegations in the answer but, by stipulation, the material facts were admitted, except as to relators' contentions that the territory out of which the district was to be formed was not a natural school community and was not compact and contiguous. Certain objections to the testimony and exhibits were preserved. A further issue was presented whether proceedings on three previous petitions for organization of part of the same territory as a community high school district, filed within two years preceding the filing of the present petition, invalidated proceedings on the present petition, within the meaning of section 10-12 of the School Code.

Upon trial of the case without a jury the court found that the district was not legally formed, and entered judgment of ouster. Defendants appeal directly to this court for the reason that a franchise is involved. *People ex rel. Frailey* v. *McNeely,* 376 Ill. 64.

The relators contend, first, that the district is invalid because it contains territory which was involved in a peti-

tion, election or proceeding to organize a community high school district within the preceding two years, in violation of section 10-12 of the School Code. That section provides in part that "No territory involved in any petition, election or proceeding to organize a community high school district and not organized as or included within a community high school district shall be again involved in any petition, election or proceeding to organize a community high school district oftener than once every two years." The other contention urged by relators in the trial court was that the territory described in the petition was not a single community for educational purposes and was not compact and contiguous.

Appellants contend that the circuit court erred in admitting in evidence relators' exhibits 1 to 11, inclusive, consisting of copies of correspondence between the State Superintendent of Public Instruction, the county superintendent of schools, the assistant superintendent in charge of legal matters, the legal adviser to the State Superintendent of Public Instruction, and some attorneys representing the respective parties to this action. The correspondence in question concerned the sufficiency of the first two petitions referred to above.

Appellants also contend the court erred in admitting in evidence the testimony of witnesses as to where they transacted their business, attended church, and that some children attended school outside the proposed district. A considerable amount of testimony was introduced bearing on these facts. While such testimony is not all controlling or determinative of the principal question at issue, and the testimony of witnesses thereto is not conclusive, yet such evidence is, in our opinion, competent and admissible for such probative value as it may have. Inquiry into these facts has repeatedly been made and permitted in these proceedings. *People ex rel. Vick* v. *Kirkham,* 301 Ill. 45;

*People ex rel. Dole* v. *Standley,* 313 Ill. 46; *People* v. *Mc-Neely,* 376 Ill. 64.

Prior to the filing of the present petition, and within two years thereof, three petitions had been filed with the county superintendent of schools which included part or most of the territory included in this petition. The exhibits complained of all concerned the filing of the first two petitions. In the case of each of these petitions, the names of certain of the petitioners were withdrawn therefrom, thereby leaving less than the required number of signers, and before any final action was taken thereon or election held pursuant thereto. We are of the opinion the withdrawing petitioners had a right to so withdraw their names under these circumstances, and that by doing so all three petitions were nullified and of no effect and therefore do not come within the two-year statutory disqualification.

In *People ex rel. Yoke* v. *Hubble,* 378 Ill. 377, the court held that the district there sought to be organized was illegally constituted by reason of the filing of another petition affecting a part of the territory within the two-year period. But, in that case it was stipulated that an election had been held and that the proposition for the organization of such community high school district was decisively voted down. Also, in that case there were no names withdrawn from the petition.

There seems to be no question under the decisions that the petitioners have the right of withdrawal before action is taken thereon and, by doing so, rendered the same nullities and placed the territory in the same position as though the petitions had never been filed. (*People ex rel. School Directors* v. *Oakwood,* 290 Ill. 45; *Malcomson* v. *Strong,* 245 Ill. 166; *People ex rel. Stout* v. *Drennan,* 307 Ill. 482; *People ex rel. Bodecker* v. *Kramer,* 397 Ill. 592, and cases cited therein.) The first two petitions were found to be faulty by the State Superintendent of Public Instruction

for failure to allege jurisdictional facts. The third indicated the territory included might contain less than the required 1500 population. Relators' exhibits 1-11 complained of, pertain to only the first two petitions.

The investigatory action taken here, as above outlined, in no way precludes the signers from withdrawing their names from such petitions. The law is well settled that a petitioner may withdraw his name from a voluntary petition at any time before action is taken thereon. There had been no legal action on these petitions and therefore it was proper to allow the names to be withdrawn. (*People* v. *Drennan,* 307 Ill. 482.) The exhibits in question were a proper subject of inquiry to enable the court to determine what had transpired with respect thereto. The action of the parties as shown by the exhibits did not prevent the signers of these petitions from withdrawing their names. The exhibits show no final action with respect thereon and the petitions were not a bar to the filing of the present petition. *People ex rel. Beedy* v. *Regnier,* 377 Ill. 562; *People* v. *Kramer,* 397 Ill. 592.

The relators contend the proposed territory is not one community for school purposes, or as far as education is concerned, but consists of several different and distinct school communities and that the said territory is not contiguous and compact within the meaning of the law. This is the principal question in the case.

For the last thirty-four years District No. 64 has operated a high school in the village of Lerna, the largest village in the district, which had a population of 366 in 1920, 331 in 1930, 301 in 1940, and 304 at present. The village has no water or sewerage system, and only one small restaurant. A part of the territory sought to be included is only three miles from Charleston with a population of 8500 and which has two high schools, one with 448 pupils and the other with 183. A total of 821 attend the grades. It is conceded that in the twenty-three-year period from

the fall of 1924 to the spring of 1947, no high school student from District No. 60 ever attended Lerna high school. The same situation obtains in adjoining District No. 115. Many other districts have only had a few pupils attend Lerna. District No. 87, Plainview, in the northwest corner of the proposed district is one-half mile from the City of Mattoon with a population of 20,000 and a high school attendance of 891.

The territory included in the common school districts of Leitch No. 60, Balch No. 115, and Farmington No. 61 send most of their children to the Charleston school community. Plainview, District No. 87, is a part of the Mattoon school community and most of the students from this district attend Mattoon high school. Only a very few ever attended Lerna.

Likewise District No. 110, Trilla, is a part of the Mattoon and Neoga school communities. At times of the year, the evidence indicates, some difficulty was encountered in traversing the roads from Trilla to Lerna, although the difficulty in this respect is in controversy. It is significant, however, that of the citizens of Trilla one voted for the organization of the community school and 145 against the proposition. In 1944-45 the total attendance in Lerna high school was 46. At that time there was a total number of 47 high school students in the entire community high school territory in question, but only 15 of them attended high school in Lerna. In 1946-47 the total attendance in Lerna was 40. At that time the total in the questioned territory was 43, but only 16 of them attended Lerna.

To be legally organized, a community high school district must be a natural school community,—compact and contiguous for school purposes. It must be a single community as far as education is concerned and must not consist of several different school communities. *People* v. *Kirkham*, 301 Ill. 45; *People ex rel. Leighty* v. *Young*, 301 Ill. 67.

A careful examination of the record will disclose, we think, ample evidence, and the lower court so found, that the territory here sought to be organized in a community high school district includes portions of several school communities instead of but one community. An attempt to take in territory beyond the limits of a reasonable "common" or community boundary line violates the spirit and intent of the law relative to the formation of such district. In the instant case, even with the additional territory in Cumberland County, added for the first time in this petition, the population is barely large enough to meet the minimum requirements. The attendance in Lerna is small and the larger percentage of high school students in the territory attend school elsewhere. In fact, the evidence as a whole rather indicates that many portions of the district are parts of other school communities. While all intendments and presumptions are resolved in favor of the legality of the organization of a community high school district, (*People ex rel. Bartlett* v. *Vass,* 325 Ill. 64; *People* v. *Standley,* 313 Ill. 46; *People* v. *Regnier,* 377 Ill. 562,) yet it is the duty of the defendants to justify. (*People* v. *Kirkham,* 301 Ill. 45.) In *People* v. *Kirkham,* 301 Ill. 45, page 48, this court said "the territory comprising such district should usually be limited to a community of people with common interests and associations, with a community center, where the people are acquainted and accustomed to gather and intermingle. It is, of course, true that such communities have no definite or fixed boundaries. One community merges into another, but there is a line somewhere beyond which the greater part of the people go in the opposite direction toward another community center. That line is the community boundary line, and the district boundaries of a community high school district should, so far as practicable, correspond with the spirit and intent of the law as to this community boundary line. The spirit and intent of the law are violated whenever the

attempt is made to incorporate the territory of separate and distinct communities into one community high school district."

The trial court, having heard the testimony in the case, is in a better position than this court to determine whether this district was compact and contiguous for school purposes. There is ample evidence in the record to fully justify the finding that it was not. We cannot say the finding was against the manifest weight of the evidence, and the judgment of ouster will therefore be affirmed.

*Judgment affirmed.*