[No. 33348. Department Two. September 29, 1955.]

MALAGA SCHOOL DISTRICT NO. 115 OF CHELAN COUNTY *et al.*,
*Appellants*, v. H. J. KINKADE, *as County Superin-
tendent of Schools of Chelan County,
Respondent.*[1]

*Joseph G. Panattoni*, for appellants.

*The Attorney General* and *Michael R. Alfieri, Assistant*,
for respondent.

MALLERY, J.—In 1953, the Aluminum Company of America
built a plant in the plaintiff school district. The assessed
property valuation of the district was thereby raised from
about two million dollars to nine and one-half million dollars.
This naturally produced a disparity in the per-pupil valua-

'Reported in 288 P. (2d) 467.

tion among the school districts of Chelan county. Accordingly, the provisions of RCW 28.57.160 [*cf.* Rem. Supp. 1947, § 4693-23] and RCW 28.57.050 [*cf.* Rem. Supp. 1947, § 4693-32] were invoked to equalize the per-pupil valuation, and the territory in question, which included the plant site, was transferred from the plaintiff district to Wenatchee school district No. 146 of Chelan county. The transferred territory borders on the district to which it was annexed, but is irregular in shape. The new district, comprising Wenatchee school district No. 146 plus the transferred territory, is within a common boundary.

This action was brought to invalidate the transfer, and plaintiffs appeal from a judgment against them. They now contend the transfer was void because (A) the welfare of the pupils residing within the transferred territory, was not considered, and (B) the territory transferred to the Wenatchee district, was not contiguous to it.

(A) RCW 28.57.050 [*cf.* Rem. Supp. 1947, § 4693-32] requires that consideration be given to the convenience and welfare of the pupils residing in the territory transferred. Appellants contend this was not done because (1) the Chelan county committee on school district organization, which initiated the transfer, did not discuss that subject at the hearing on the matter, and (2) several pupils, in the transferred territory, live a considerably greater distance from the Wenatchee schools than they do from the Malaga school.

■ (1) Even if the committee did not *discuss* the welfare of the eighteen or twenty students residing in the transferred territory, it does not follow that their welfare was not kept in mind or that the action of the committee was arbitrary and capricious. The transfer was accomplished by an administrative agency of the government in a proceeding pursuant to law. Its authority or procedural steps have not been attacked. The burden of proving an abuse of discretion by an administrative agency, is upon him who asserts it. Appellants made no effort to go forward at the trial with evidence to show an abuse of discretion, and, hence, the validity of the proceeding must be presumed.

(2) *Merritt School Dist. No. 50 v. Kimm,* 22 Wn. (2d)

887, 157 P. (2d) 989, cited by appellants, is not in point. In that case, the court affirmatively found the existence of certain hazards to the pupils incident to their transportation to and from school, which made the transfer arbitrary and unreasonable. It is therefore distinguishable on its facts from the instant case. In any event, the findings of the trial court, to which appellants have taken no exception, established the fact that the welfare of the pupils in question, is served by the transfer, notwithstanding the distance of some pupils from the school.

█ The trial court did not err in finding that the welfare of the pupils in the transferred territory, was considered.

(B) The transferred territory does actually touch the Wenatchee district, but appellants contend it is not *contiguous*, as a mattter of law, because the combined district within the common boundary is not *compact*.

RCW 28.57.160 [*cf.* Rem. Supp. 1947, § 4693-23] requires the territory transferred to be *contiguous* to the district to which the territory is transferred, but it does not require that the district be *compact*. It reads:

"A new school district may be formed comprising contiguous territory lying in a single county or in two or more counties. Such new district may comprise two or more whole school districts or a part of one or more school districts and territory which is not a part of any school district. The boundaries of existing school districts may be altered (1) by the transfer of territory from one district to another district, or (2) by the annexation to a district of a part or all of one or more other districts or of territory which is not a part of any school district, *but only if such territory is contiguous* to the district to which it is transferred or annexed. Territory may be transferred or annexed to an existing school district without regard to county boundaries." (Italics ours.)

Appellants rely upon *In re Chicago, Milwaukee & St. Paul R. Co.,* 134 Wash. 182, 235 Pac. 355, which interpreted the Laws of 1923, chapter 31, § 1, p. 74, Rem. 1923 Sup., § 4703, a statute with which we are not here concerned, and which reads, *inter alia*:

"Every incorporated city in the state shall be comprised in one school district, and shall be under the control of one board of directors: . . . *Provided,* That nothing in this section shall be so construed as to prevent the extension of such city district *a reasonable distance beyond the limits of such city.*" (Italics ours.)

In that case, the court found that the extension of the city district, as provided for in the order of the superintendent, "was *not reasonable* within the meaning of the statute." Obviously, the case is not in point as an interpretation of RCW 28.57.160, *supra.*

■ The territory transferred was *contiguous* to the Wenatchee district. We decline to read a requirement for compactness into the statute as suggested by appellants, because, where lack of compactness in fact adversely affects the welfare of the students in the territory transferred, there is a remedy provided under the welfare clause as contained in RCW 28.57.050 (4) (d) [*cf.* Rem. Supp. 1947, § 4693-32].

The trial court did not err in sustaining the validity of the transfer.

■ We do not discuss appellants' contention that the trial court erred in admitting in evidence respondent's exhibit No. 3, because it was not made the subject of an assignment of error. *Olympia Brewing Co. v. Northwest Brewing Co.,* 178 Wash. 533, 35 P. (2d) 104.

The judgment is affirmed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.