# The People *ex rel.* Michael Evans

*v.*

## Bernard Callaghan.

1. Quo warranto—*granting discretionary*. The granting of leave to file an information in the nature of a *quo warranto*, is in the sound discretion of the court, but the court should not arbitrarily refuse leave, but exercise a sound discretion according to law.

2. Same—*user of office to justify information*. The taking of the oath of office by one claiming to be appointed town collector, and thereby obligating the party to discharge certain duties, is a sufficient *user* of the office to warrant an information in the nature of a *quo warranto*.

3. Office—*decision of canvassers prima facie sufficient*. The decision of the canvassers of an election affords *prima facie* evidence of the legal election of the person found to have received a plurality of the votes cast, and unless his title to the office is contested in some mode known to the law, he will be entitled to the office for the term for which he was elected.

4. Same—*power of town board to appoint*. Where a town officer has been declared elected by the election board, and qualifies by taking the necessary oath of office, the board of appointment has no power to fill the office by appointment, as in case of a vacancy, nor has it authority to hear evidence and decide that the election was irregularly conducted, or that the election was fraudulent, and thus declare a vacancy.

5. Same—*right of town officer te hold over.*  In case of a failure to elect any town officers at any regular town meeting, it seems that the old ones will hold over until an election can be ordered.

6. Collector—*when to give bond—oath of office.*  A town collector is required to take two oaths—one within ten days after notice of his election, and one after giving his bond.  He is not required to give bond until within eight days after notice of the amount of taxes by him to be collected, and the latter oath is to be indorsed on the bond.

7. Same—*when office begins.*  A town collector's term of office begins when he takes the first oath of office within ten days after his election or appointment.  If he fails to take this oath, it is deemed a refusal to serve, and the vacancy may be filled by appointment.

Appeal from the Criminal Court of Cook county; the Hon. Samuel M. Moore, Judge, presiding.

On the 17th day of May, 1876, Charles H. Reed, State's Attorney in and for the county of Cook, asked leave to file, in the Criminal Court of that county, an information in the nature of a *quo warranto*, in the name of the People, at the instance of Michael Evans, against Bernard Callaghan, to make him answer by what warrant he claims to hold and execute the office of town collector of South Chicago.

It is alleged in the petition the relator, Michael Evans, was elected collector of the town of South Chicago, at the annual town meeting, in 1875, and discharged the duties of that office until he was elected and qualified as his own successor; that, at the annual election held on the first Tuesday, which was the fourth day, of April, 1876, for town officers, he received the highest number of votes cast for any candidate for that office; that, upon the usual canvass being made by the proper officers conducting the election, that fact appearing, a certificate of election was issued to him, and that afterwards, and within the time limited by law, he accepted the office by taking and subscribing the oath of office prescribed by law, and caused a certificate to be filed in the proper office.

It is further alleged that, on the 15th of April, 1876, the justices of the peace of the town, the supervisor and the town clerk held a meeting, at which the record of the proceedings

9—83d Ill.

of the annual town meeting of South Chicago, held on the fourth day of that month, was read, from which it appeared the proper number of officers to which the town was entitled had been elected, among whom was relator; that a majority of the town officers constituting the town board of appointment, voted to hear evidence in relation to the manner of conducting the election, and did hear statements in reference thereto, which it was claimed tended to show that frauds had been committed at the election; that a majority of the board found there had been a failure to elect the usual town officers at the annual election, and thereupon proceeded to fill such offices by appointment, under authority supposed to be derived from the statute, and, among others, appointed defendant to the office of town collector; that, on the 17th day of April, 1876, a certificate of appointment was delivered to defendant, and on that day, and within ten days of his appointment, he accepted such appointment, and took and subscribed the oath prescribed by law, as collector of the town of South Chicago, which was duly filed in the proper offices, as the law directs. The further allegation is, the appointment of defendant town collector in the manner set forth was without authority of law, and confers no authority upon him to intrude himself into and exercise the duties of the office, and that defendant, since his appointment, on the 17th day of April, has been and still is usurping and unlawfully holding and pretending to execute the duties of the office of town collector of South Chicago.

The petition was verified by the affidavit of the relator, and affidavits were filed, both in support and against the motion for leave to file the information. On the hearing, the court denied leave to file the information, and rendered judgment against the relator for costs. That decision is assigned for error.

Mr. CHARLES H. REED, State's Attorney, Messrs. FULLER & SMITH, and Messrs. GOUDY, CHANDLER & SKINNER, for the appellants.

Messrs. TULEY, STILES & LEWIS, and Mr. JOHN J. HERRICK, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

Under our statute, it has been uniformly held the granting of leave to file informations in the nature of *quo warranto,* is in the sound discretion of the court to which the application is made. As was said in *The People* v. *Waite,* 70 Ill. 25, leave is not given as a matter of course, but a court ought not arbitrarily to refuse leave, but should exercise a sound discretion according to law.

Assuming that defendant had accepted the office of town collector, and entered upon the discharge of its duties, an important question arises, whether the petition shows, in the language of the statute, there is "probable ground" for allowing the information to be filed, and for awarding the writ.

Unless it shall appear there was "probable ground for the proceeding," the court below ruled correctly in denying leave to file the information. Although the merits of this controversy can not be determined on this preliminary motion, some discussion of this question can not be avoided.

The allegation is distinct and positive, the annual election for town officers in the town of South Chicago was held on the day fixed by law for holding such election. According to the canvass made of the votes cast at that election, the relator received a plurality of votes over all other candidates for the office of collector.

On the authority of *The People ex rel. Cummings* v. *Head,* 25 Ill. 327, the decision of the canvassers afforded *prima facie* evidence the relator had been legally elected, and unless his title to the office was contested in some mode known to the law, he would be entitled to hold such office for the period for which he was elected.

It is not contested the election was holden, and that legal voters voted at the election for candidates of their choice for the several town offices. Affidavits filed in opposition to this motion do not disprove this proposition; they tend to prove there may have been gross frauds on the part of the election officers, and that some legal votes may have been abstracted

from the ballot-boxes, and fraudulent ones deposited.    All this may be conceded, and yet it does not disprove that the relator was elected by the legal votes cast at the election.    This question has not been determined, so far as we can know, from this record, by any tribunal competent to hear and determine contested elections, and hence we can not know how the truth is.    But the decision does not turn upon the question whether relator was regularly elected.    His title to the office is only incidentally involved in this litigation.    It is defendant that is called upon to show by what warrant he claims to hold and execute the duties of the office with which he is charged as having usurped.    The information discloses he derives his authority from the town board of appointment, and if it shall appear the action of the board was had in a case where the law conferred no authority, then the appointment was void, and the facts alleged show a "probable ground for the proceeding," and the writ ought to have been awarded.

This leads us to inquire, what authority the town officers, when acting as a board of appointment, have in the matter of filling vacancies in town offices.    That authority is found in the 1st section of article 10 of the Township Organization Act, R. S. 1874, p. 1079, which provides that, "whenever any town shall fail to elect the proper number of town officers to which such town may be entitled by law, or where any person elected to any town office shall fail to qualify, or whenever any vacancy shall happen in any town, from death, resignation, removal from the town, or other cause, it shall be lawful for the justices of the peace of the town, together with the supervisor and town clerk, to fill the vacancy by appointment."

Obviously, the contingency on which the board of appointment could act had not happened.    At an election held at the appointed time, a full complement of town officers were elected, and among them a town collector, who accepted the office by taking the usual oath of office, and whether the election was fairly conducted or not, has not been contested before any tribunal competent to hear and decide such causes.    What authority has the board of appointment to hear evidence

whether the election was fairly conducted, and if they should find it had been fraudulently conducted, to declare there had been a failure to "elect the proper number of town officers?" Certainly no authority can be found in the law for such action. No such authority is given them. The affidavits filed show there were more than one candidate for each office to be filled, and whoever received the majority of the legal votes cast could contest his right to the office, in case the canvassers did not award him a certificate of election, before the tribunal designated in the law.

All the members of the court concur in holding the board of appointment had no power to hear evidence, and declare the election had been fraudulent, and for that reason there had been a failure to elect town officers. In such a determination, questions of law and fact are involved, that can only be settled by a tribunal having and exercising judicial powers.

Another construction might, with great justness, be given to this statute, that the board of appointment can only act where there has been a failure " to elect the proper number of town officers to which the town is entitled by law." If there was a failure to elect any officers at the regular election for town officers, it seems the statute contemplates the old officers shall hold over until an election can be ordered and their successors elected. Here, the proper number of town officers were elected, either legally or illegally, and accepted the several offices to which they had been elected. It has not been determined by any competent authority they were not legally elected. It can not, therefore, with any degree of accuracy, be said there was a failure " to elect the proper number of town officers," and hence the contingency had not arisen in which the board of appointment could exercise the appointing power.

The affidavits filed in opposition to the motion do not disprove that defendant obtained whatever title he may have to the office of collector, from the board of appointment, in the manner and under the circumstances set forth in the petition, and we are all of opinion the petition shows "probable ground for the proceeding," and to warrant the court in granting leave

to file the information, if defendant was in possession of the office.

But the motion is resisted solely on the ground the petition does not show the essential fact of possession and *user* of the office by defendant, which he is charged with having usurped. This point has been elaborately argued, but, in view of the statutory provisions in relation to the tenure of town officers, it is one that can be readily determined by construction, without any extended review of authorities bearing on the question. The objection does not go to the merits of the controversy, and no subtle reasoning ought to be indulged to defeat the demand of the people to know by what warrant defendant sets up any claim to the office as alleged.

It is provided by statute, every person elected or appointed to any town office, shall, before he enters upon the duties of such office, and within ten days thereafter. take and subscribe the oath of office prescribed by the constitution, which shall, within a period fixed, be filed in the office of the town clerk. The neglect of any such officer to take such oath and cause the certificate to be filed, shall be deemed a refusal to serve. R. S. 1874, secs. 85, 86.

Another provision is, that every person elected to the office of collector, before he enters upon the duties of his office, shall give the bond required by law, and a failure to give such bond and take such oath within the period limited. shall be deemed a refusal to serve. Sections 88, 89, R. S. 1874, p. 1078.

The oath of office which the collector is to take, and the bond "required by law" which he is to give, are provided for, and the form of each is given, in the 133d section of the general Revenue Act. That bond he is not required to give until within eight days after he shall receive notice of the amount of taxes by him to be collected. and the oath required by that section to be taken is to be indorsed on the back of the bond. R. S. 1874, p. 879.

Thus it will be seen the collector is required to take two oaths—one within ten days after his election or appointment, and one when he gives his bond, and to be indorsed thereon.

The question arises, when does the collector's term of office begin, and when does it end. Manifestly, when he takes the oath of office provided for in the 85th section of the Township Organization Act, within ten days after his election or appointment. He is then the collector for the current year. When he is notified of the amount of taxes to be by him collected, he is to give the statutory bond as such collector, and take and subscribe the oath prescribed. This latter oath can not be taken until the bond is given, for it is to be indorsed on the back of it. But if he fails to take the oath, as provided, within ten days after his election or appointment, it shall be deemed a refusal to serve, and the board of appointment, on his failure to qualify, could undoubtedly fill the vacancy under the provision of section 1, article 10, of the Township Organization Act.

This construction gives force to all the provisions of the statute on this subject, as contained in the Township Organization Act, and the general Revenue Law. It seems to us the conclusion is irresistible that the collector's term of office commences when he takes the oath within ten days of his election or appointment. Otherwise, that provision of the section which authorizes the board of appointment to fill the vacancy on his refusal to qualify, is meaningless. This view is strengthened by the fact the collector may have other duties to perform before he is required by law to give his bond as collector. On the happening of a certain contingency, he may become a member of the board of town auditors, and may be called upon to exercise the duties of such officers. R. S. 1874, sec. 119, p. 1081.

It would seem to follow, the taking the oath prescribed by law within ten days after his appointment, as was done by defendant in this case, was an acceptance and *user* of the office. It does not militate against this view that defendant had discharged no actual duties of the office. He had taken the oath of office that obligated him to perform its duties when called upon.

If any authority is necessary to support this construction,

it is not wanting. In the case of *The King* v. *Tate*, 4 East, 337, it was held, the swearing in, though defective in law, yet, being such, whereby the party claimed at the time to be a free burgess of a corporation, to be a sufficient *user* of the office to warrant the information in the nature of *quo warranto* against him. To the same effect is the case of *The King* v. *Harwood*, 2 East, 177.

In the case at bar, defendant had obligated himself, by the solemnities of an oath, to perform the duties of the office he is alleged to have usurped, and when the rule was laid upon him he ought, in all conscience, to have disclaimed, if he did not wish to be regarded as in possession of the office.

A majority of the court are of opinion the *user* and possession of the office by defendant are sufficiently shown by the petition to warrant the court in permitting the information to be filed.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*