(No. 25662.— )

THE PEOPLE *ex rel.* L. A. Tudor *et al.* Appellants, *vs.* S. B. VANCE *et al.* Appellees.

*Opinion filed October 11, 1940.*

HOGAN & COALE, WILL P. WELKER, and HAROLD BROVERMAN, for appellants.

CHARLES R. MYERS, and WILL M. ALBERT, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on appeal from the judgment of the circuit court of Fayette county dismissing appellants' amended petition and information in *quo warranto* attacking the legality of Community High School District No. 195 and the right of the high school board to hold office.

The original information charged that the district was not legally organized, and appears to have been a friendly suit. Appellants August Yakel, Irvin Hobbs and others, however, on leave of court, filed an amended petition and information. The defendants the community high school board answered setting out the proceedings under which the district was organized. Evidence was heard on behalf of plaintiffs and defendants, after which a motion of defendants to quash the writ and information was allowed. The court found that the district was duly organized and that the defendants were duly elected and rightfully holding the office of members of the school board.

Appellants Yakel and Hobbs bring the cause here assigning a number of errors. The one on which they principally rely, and the only one argued, is that the district, as formed, does not constitute one community and is not composed of compact and contiguous territory as those terms have been defined by this court.

In *People* v. *Young*, 301 Ill. 67, and *People* v. *Kirkham*, id. 45, this court held that, under the demand of the constitution that the legislature provide a thorough and efficient system of free schools whereby all children of the State may receive a good common school education, a school-house placed at a point so remote that the children of school age of the district cannot conveniently reach it, is neither thorough nor efficient, and that such a district is not properly organized, and that, in order to comply with the constitutional mandate, it is necessary that the territory of the district be sufficiently compact to enable children to travel from their respective homes to the school building in a rea-

sonable length of time and with a reasonable degree of comfort.

In support of the contention that the district here under consideration violates these requirements, appellants' witnesses testified that by reason of the character of the soil in the district, number of creeks, the character of the lowlands adjoining the creeks, the overflow of the streams over the bridges and roads, it was impossible at times from December 1 to April 1 to maintain bus or truck schedules to convey students to and from school. Appellants' counsel admit that the district is contiguous and compact so far as its territorial extent is concerned, but they argue that, by reason of the physical condition of the roads in the district, it is not contiguous and compact under the rule established by this court. It is also contended that parts of the district on the east side thereof are closer to St. Elmo, a town lying east, than to Brownstown in the district where the school is located, and should, therefore, be a part of the St. Elmo district. This district, as shown by the plat in the record, is about 8 miles east and west and about 12 miles north and south. It forms a perfect parallelogram. Brownstown is approximately in the center of the district and is the only city or village of any size in it.

The evidence for the defendants is that all high school students who live within the territorial boundaries of this district, with the exception of four, attend the high school at Brownstown, and that they and their parents regard Brownstown as their community center. Of the four who do not go to Brownstown the evidence shows that their homes are closer and more accessible to Brownstown than to the St. Elmo school, but for reasons satisfactory to them they have preferred to attend the St. Elmo school.

The evidence for the defendants also tends to show that some of the students living in the southeastern part of the district, were there not a high school in Brownstown, would travel through Brownstown to attend a school at St. Elmo.

The evidence is that in certain portions of the district the roads are temporarily in bad repair and at certain times·of the year the dirt roads are impassable, but the record also shows by the testimony of the school bus drivers that during the past five years there has never been an occasion for a student to miss school on account of bad roads, or to room and board in Brownstown. These drivers testified that in only two instances were the buses late at school. One of those was due to lack of gasoline and one due to motor trouble, and in no instance were they late because of the condition of the roads. They testified that the buses ran over pavements or gravel roads and that students living on dirt roads met the buses on the surfaced roads.

A compact school district is one so closely united and so nearly adjacent to the school building that all the students residing in the district may conveniently travel from their homes to the school building and return the same day in a reasonable length of time with a reasonable degree of comfort. This rule was laid down in *People* v. *France,* 314 Ill. 51, *Webster* v. *Toulon Township High School District,* 313 id. 541, *People* v. *Emmerson,* id. 209, and others. Distances, since the advent of hard-surfaced roads and motor buses, are now considerably lengthened over what constituted a reasonable distance prior to these improvements. Where a community high school district constitutes a community for school purposes, it complies with the requirements of the constitution even though some of those residing in the district may trade at cities or villages outside thereof. (*People* v. *Stanley,* 313 Ill. 46.) It cannot be said that because a student may occasionally miss school on account of road conditions, the district does not comply with the law. *People* v. *Rote,* 312 Ill. 99.

The presumption is indulged that a school district established by authority of the legislative department of government is valid, and courts do not hold a district invalid for lack of compactness or contiguity unless it appears from

the evidence that the children of school age residing in the district cannot reasonably avail themselves of the purposes of the school. *People* v. *Vass,* 325 Ill. 64; *People* v. *Stanley, supra.*

The testimony of the plaintiffs' and of defendants' witnesses as to road conditions in this district conflict. The trial was before the court without a jury. The court heard and saw these witnesses testify and was, of course, in that more advantageous position which is conceded in all opinions of reviewing courts, and unless it is clear from reading the testimony that its findings are contrary to the manifest weight of the evidence, this court would not be justified in setting aside that finding. In this case we are convinced that the evidence in the record preponderates in favor of the defendants and that it fairly shows this district meets the requirements laid down by this court.

The record supports the judgment of the circuit court and that judgment is affirmed. *Judgment affirmed.*