(No. 26131.—)

THE PEOPLE ex rel. V. G. Beedy et al. Appellants, vs.
EDMOND REGNIER et al. Appellees.

*Opinion filed Sept. 15, 1941—Rehearing denied November 12, 1941.*

Eva L. Minor, and John H. Beckers, for appellants.

Walter C. Schneider, and Armen R. Blanke, for appellees.

Mr. Justice Shaw delivered the opinion of the court:

Upon leave granted the appellants filed an information in *quo warranto* in the circuit court of Kankakee county, against the appellees, members of the board of school district No. 307, in that county, questioning their right to hold office as such directors. After answer, reply and replication, evidence was heard and judgment entered in favor of the appellees and from that judgment this appeal is prosecuted.

It is contended by the appellants (1) that the description of the lands included in the district is so vague, uncertain and indefinite as to make its limits impossible of determination, (2) that the district is not compact and contiguous and (3) that part of the district is included in a petition for organization of another community high school district.

The territory comprising the district is situated entirely within the townships of Bourbonnais and Rockville in Kankakee county. In the petition directed to the county superintendent of schools requesting the calling of the election to create the district, the disputed portion is described as "sections twenty-five (25) twenty-six (26) twenty-seven (27) twenty-eight (28), thirty-two (32) thirty-three (33),

thirty-four (34) thirty-five (35) and thirty-six (36) all in township thirty-two (32) north, range eleven (11) east of the Third P. M. in the Town of Rockville, in the county of Kankakee and State of Illinois," and the boundaries of this portion are described as from the "northeast corner of Section twenty-five (25) Township thirty-two (32) north, Range eleven (11) east of the Third P. M., thence west to the northwest corner of section twenty-eight (28), Township thirty-two (32) north, range eleven (11) east of the Third P. M., thence south to the southwest corner of said section twenty-eight (28) thence west to the northwest corner of section thirty-one (31) Township thirty-two (32) north, range eleven (11) east of the Third P. M., thence south to the southeast corner of section thirty-one (31)."

The evidence shows that the lands included in the petition and described as sections 27, 28, 32, 33 and 34 were not surveyed by the government into sections and sub-sections at the time the original survey of the township was made, but had been previously surveyed and allotted as Indian reservations. A copy of the original survey shows a fractional section 27 that is composed of two lots lying east of the reservations and adjoining section 26; a fractional section 34 that is also composed of two lots lying east of the reservations and adjoining section 35, and that there is a strip of land divided into lots lying north of the reservations and adjoining sections 21 and 22, located in what would be sections 27 and 28 if they had ever been divided into sections. The lands lying within the reservations have been subdivided into lots and transfers have been made according to the lots in the respective reservation. Two surveyors testified that Rockville township was not a regular geographic township with numbered sections from 1 to 36, but that a competent surveyor could locate and identify the boundaries of the district by running lines from known points and that these boundaries would include the lands described as sections 27, 28, 32, 33 and 34.

To uphold the judgment of the trial court the appellees contend that the description and the boundaries of the district are sufficient as they can be located by any competent surveyor and are definite enough to inform all interested parties of the extent of the territory included. The rules applied in the case of corporate boundaries are the same as those applied to deeds and grants. (*People* v. *Astle,* 337 Ill. 253.) In *Weber* v. *Adler,* 311 Ill. 547, this court said "If the description is uncertain and requires parol evidence to locate the property specific performance cannot be decreed, but if the contract contains a definite description and there is a latent ambiguity, so that the contract may apply to different pieces of property, it is sufficient if the property can be located with the aid of extrinsic evidence. A description is sufficiently definite when it will enable a surveyor, by the aid of extrinsic evidence, to locate the property.—*White* v. *Hermann,* 51 Ill. 243; *Fowler* v. *Fowler,* 204 id. 82; *Baker* v. *Puffer,* 299 id. 486."

Where a description contains a patent ambiguity or one which appears on the face of the writing itself, the uncertainty in the description cannot be cured by extrinsic evidence. A latent ambiguity occurs where a writing appears on its face clear and unambiguous, but which, in fact, is shown by extrinsic evidence to be uncertain in meaning, or where a description apparently plain and unambiguous is shown to fit different pieces of property. In such case, the ambiguity being raised by extrinsic evidence, the same kind of evidence may be admitted to explain or identify the property referred to in the writing. The petition in the case at bar contains no patent ambiguity and it was not error for the trial court to admit extrinsic evidence to show the territory included within the district. That evidence shows, and it was not contradicted, that even though the territory was not actually divided into a geographic township containing 36 sections, a competent surveyor could locate and identify the land referred to and therefrom

identify the boundaries of the school district. Thus the description is certain and definite enough to inform all interested parties of the extent of the territory included within district No. 307.

This court takes judicial notice of the acts of Congress in regard to the disposal of public lands, and of the system of surveys adopted for these lands by Congress. (*Gooding* v. *Morgan,* 70 Ill. 275.) The government survey of Rockville township, as shown by the plat admitted in evidence discloses that it is regular in every respect with the exception that the lands which would be sections 27, 28, 29, 32, 33 and 34, if they had been surveyed as such, were set out as Indian reservations. The point described in the petition as the northwest corner of section 28, must coincide with the southwest corner of section 21 and the southeast corner of section 20. The point described as the southwest corner of section 28 coincides with the intersection of a line extended south from the southwest corner of section 21 and the southeast corner of section 29 and a line extended east from the northeast corner of section 31, both of which are definitely fixed points on the government plat. Following the description given as the boundaries of the district from points established by the government survey, we are enabled to say that the lands described as sections 27, 28, 32, 33, and 34 can be no other than those lands comprising the Indian reservations and lying within the boundaries of the district in Rockville township.

As to the second contention, an examination of the map of the district shows that there are two villages located within its boundaries, Bourbonnais and Bradley, and that they are in the extreme southeast portion. The whole district is well served by a system of paved and gravel roads. The evidence tends to show, however, that some of the territory is connected to the hard road system by dirt roads which are virtually impassible at certain times of the year and some students might have to travel a roundabout distance of thirteen miles to reach the school, when these roads

are bad, if it were located in the village of Bradley. The record further shows that many of the families in the district do their trading, attend church and social functions in neighboring towns other than those lying within the district. It cannot be said that because a student may occasionally miss school on account of road conditions, the district does not comply with the law. (*People* v. *Rote,* 312 Ill. 99.) Where a community high school district constitutes a community for school purposes, it complies with the requirements of the constitution even though some of those residing in the district may trade at stores, deliver grain to elevators, do their banking business and attend church and social functions in cities and villages lying outside the district. (*People* v. *Vance,* 374 Ill. 415; *People* v. *Standley,* 313 id. 46.) Every reasonable presumption is indulged in favor of the validity of a school district established by the authority of the legislative department of government and courts do not hold a district invalid for lack of compactness or contiguity, unless it appears from the evidence that the children of school age residing in the district cannot reasonably avail themselves of the purposes of the school. (*People* v. *Vance, supra; People* v. *Vass,* 325 Ill. 64.) Under the circumstances disclosed by the record we cannot say that this district is not compact and contiguous within the meaning of the law.

The final contention of the appellants is also without merit. A petition for the formation of another community high school district adjoining district No. 307 was filed with the county superintendent of schools and it included one section of land in district No. 307. However, the record shows that before the petition was acted upon, twenty-one signers filed a written request withdrawing their names, thereby nullifying the petition by reducing the number of signers to less than the fifty required by the statute.

The judgment entered by the circuit court validating the district is fully supported by the record, and it is affirmed.

*Judgment affirmed.*