The People of the State of Illinois on the Relation of Community Unit School District No. 1, Macon and DeWitt Counties, Illinois, Relator, Plaintiff-Appellant, v. Decatur School District No. 61, Defendant-Appellee.

Gen. No. 10,485.

Third District.

December 16, 1963.

Basil G. Greanias, of Decatur, for the People, and Vail, Mills, Armstrong, Winters & Prince, all of Decatur, for Relator, appellant.

Monroe & McGaughey, of Decatur, for appellee.

REYNOLDS, J.

This is a quo warranto proceeding against Decatur School District No. 61 to show by what authority the school district claims to have, hold and exercise the powers and functions of a school district over certain

territory known as the Argenta district, which was owned wholly by the Caterpillar Tractor Company. The plant of the tractor company occupied part of this tract, but the larger part of the tract was farmland. Only three persons resided thereon, Harold Mansfield, his wife and his four-year-old child. The petition to annex was signed by Mansfield and his wife, was presented to the Decatur School District board, and on the same day it was presented, a special meeting of the school board was called for two days later. At this special meeting the petition was read and evidence taken as to the number of persons residing in the area; that the Mansfields were qualified voters and that they signed the petition. A resolution to annex was presented and unanimously adopted by the school board. Thereafter, the State's Attorney for Macon County, Illinois, on behalf of the People and in the name and by the authority of and at the request of Community Unit School District No. 1, Macon and DeWitt Counties, Illinois, instituted the quo warranto proceeding. The matter was heard by the Court and the Court held in favor of the defendant and entered judgment in bar of the action. The plaintiff appeals.

The Decatur School District was created by special charter of the Legislature in 1865. The charter was amended from time to time, but the amendments are not important in this case. The key question in this case is Section 16 of the charter which reads as follows:

> "16. All of the territory which, at the time of the passage of this act, or any time hereafter, may be embraced in the corporate limits of the City of Decatur, shall be included and constitute a part of the Decatur School District, and any tract or tracts of land adjoining said district may be annexed to it, on

condition that three-fourths of the legal voters residing within the limits of such tract or tracts shall petition the board of education to be annexed to said district, and that their petition shall be granted by the unanimous vote of all the members of said board; whenever any territory shall be so annexed to and become a part of said district, all the provisions of this Act shall be applicable to it in the same manner as they would have been if it had been embraced within the district at the time of the passage of this act."

There can be no dispute that the provisions of this section were complied with. Mansfield and his wife were the only voters in the tract so the three-fourths requirement in the petition was met. The board of education met, held a hearing and approved the annexation by their unanimous vote. If Section 16 of the charter of the Decatur School District is still in full force and effect, then the annexation is legal. But the plaintiff contends that the provisions of Section 16 of the charter as to annexation have been superseded by Article 4B of the School Code; that the Decatur School District has abandoned Section 16 of its charter; that Section 16 failed to set up such standards for annexation as would be required under the Constitution, and that there had been a change in the petition after it was signed by Mansfield and his wife.

It would seem that while many issues are presented and argued by the parties, the issues may be condensed into five questions:

1. Are the provisions of Section 16 broad enough to comply with the requirements of the Constitution as to a thorough and efficient system of free schools?

2. Does Section 16 set up sufficient standards for annexation?

3. Was the Decatur School District, operating under special charter, required to follow the procedure for annexation set forth in Article 4B of the School Code, or was the procedure set forth in Section 16 of the Special Charter sufficient?

4. Has the Decatur School District, by following other provisions of the School Code, abandoned the provisions of Section 16 of its Special Charter?

5. Was there any alteration of the petition so as to render it invalid or illegal?

█ Taking up the first question, Section 1, Article VIII of the Illinois Constitution (1870), provides "The general assembly shall provide a thorough and efficient system of free schools, whereby all children of this state may receive a good common school education." In interpreting this provision, our courts have held that school districts must be compact and contiguous in order to comply with the constitutional requirement of an efficient school system. Every reasonable presumption is indulged in favor of the validity of a school district established by the authority of the legislative department of government and courts do not hold a district invalid for lack of compactness or contiguity, unless it appears from the evidence that the children of school age residing in the district cannot reasonably avail themselves of the purposes of the school. People v. Vance, 374 Ill 415, 29 NE2d 673; People v. Vass, 325 Ill 64, 155 NE 854; People v. Regnier, 377 Ill 562, 37 NE2d 186. A compact school district is one so closely united and so nearly adjacent to the school building that all the students residing in the district may conveniently travel from their homes

to the school building and return the same day in a reasonable length of time with a reasonable degree of comfort. People v. Vance, 374 Ill 415, 29 NE2d 673; People v. France, 314 Ill 51, 145 NE 240. Contiguous has been defined as "adjacent." People ex rel. Sackmann v. Keechler, 194 Ill 235, 62 NE 525; Husser v. Fouth, 386 Ill 188, 53 NE2d 949. The trial court held the area to be compact and contiguous. This court can not say this ruling was against the weight of the testimony. Here the map introduced shows, in part, a common boundary. There is no evidence of any pupil being deprived of convenient access to the Decatur School. We think the requirements of compactness and contiguity have been met.

■ The second question is whether Section 16 of the Decatur School charter sets up sufficient standards for annexation. Plaintiff contends that the requirements that the petition be initiated by three-fourths of the legal voters or that the petition be granted by the unanimous vote of all members of the School Board are not sufficient standards by which the school board could act. It is well settled that the changing of school district boundaries is a legislative act, but this power may be delegated to the school authorities. Community Unit School Dist. No. 1 v. County Board of School Trustees of Woodford County, 11 Ill App2d 579, 137 NE2d 877. The school district created by the legislature is an administrative arm of the legislature to put into effect the will and intention of that body. Board of Education v. Board of Education, etc., 11 Ill App2d 408, 137 NE2d 721. The legis-lature may give an administrative body discretionary powers to decide an issue if it establishes standards under which that discretion may be exercised. Hepner v. County Board of School Trustees of Henry County, 8 Ill2d 235, 133 NE2d 39. In the case of School District No. 79 v. County Board of School Trustees, 4 Ill2d

533, 123 NE2d 475, it was held that the legislature cannot give to an administrative body unlimited discretion to act when that discretion is not guided by standards under which it may be intelligently exercised. This was reiterated in Hepner v. County Board of School Trustees of Henry County, 8 Ill2d 235, 133 NE2d 39, and the court in that case continuing held that while the standards are general rather than specific in nature, it would be both impossible and undesirable for the legislature to draft rigid non-discretionary standards which would embrace each and every school district boundary change, for conditions surrounding the changes are seldom the same.

The true distinction as to the power of the legislature and the power of an administrative body to make boundary changes was stated in the case of School Dist. No. 79 v. County Board of School Trustees, 4 Ill2d 533, 123 NE2d 475, where the court said:

> "While it is at times difficult to draw the distinction as to whether the exercise of a power is administrative or legislative, the language of the court in Sheldon v. Hoyne, supra, is helpful. There it was stated: As long ago as People v. Reynolds, 5 Gilm 1, this court held that to establish the principle that whatever the legislature shall do it shall do in every detail or else it will go undone, would, in effect, destroy the government. The government could not be carried on if nothing could be left to the judgment and discretion of the administrative officers."

And the court in that case continuing said:

> "The true distinction is between a delegation of power to make the law, which involves a discretion as to what the law shall be, and conferring an authority or discretion as to its execution, to

39

be exercised under and in pursuance of the law. The first cannot be done; to the latter no objection can be made."

In the various cases involving this delegation of power, the statute had spelled out the standards. In this matter, section 16 of the charter of Decatur School District had spelled out the standards under which a change of boundaries or annexation could be made. One was the requirement of a petition signed by three-fourths of the legal voters residing in the area, which in effect required the great majority of the legal voters to sign the petition. The fact that only two legal voters lived in the area is immaterial. The required three-fourths of the legal voters in the area did sign the petition. The other requirement, that the vote of the school board must be unanimous, was met. The two requirements were legislative. The action under them was administrative and involved the discretion of both the persons petitioning and the members of the board. If the legislature had intended that other requirements be met or that other standards be prescribed for annexation or change of boundaries of this special charter school district it could have done so by legislation. The absence of other requirements indicates that the legislature, in requiring the three-fourths of the legal voters' signatures and the unanimous action of the school board, intended that the combined discretion of three-fourths of the legal voters and the unanimous vote of the school board should serve as the standards. The trial court held the standards sufficient. This court will not overrule the judgment of the trial court.

■■■ Plaintiff contends that the Decatur School District must follow the procedures of Article 4B of the School Code. We do not regard the provisions of Section 16 of the Decatur School District to be incon-

sistent with Article 4B of the School Code. Article 32–2.1 of the School Code gave to special charter districts the same powers as that of school trustees. If the legislature had intended to have the special charter districts operate under the general school laws, it had the authority to do so. The fact that the legislature did not directly place the special charter districts under the general school laws may, by implication, be held to be that the legislature did not intend to so do. The history of the many changes in the school laws would tend to show that the legislature repeatedly recognized their existence and continued their functions. Article 4A–2 specifically exempted any school district whose school board has been given the power of school trustees.

In the case of Spaulding School Dist. No. 58 v. Waukegan, 18 Ill2d 351, 164 NE2d 63, the court said:

"It is well settled that a general law will not repeal a prior special act unless the two are irreconcilably inconsistent."

And the court continuing in that case, said:

"We find nothing incompatible in the special legislative provisions relating to this school district and the general provisions of the School Code pertaining to county boards of school trustees. The general provisions of article 4A–2 are not all encompassing, but rather specifically exclude special charter districts from their operation."

It is significant that the Illinois School Problems Commission, in its report to the Governor and the members of the General Assembly of March 1957, recognized the power of the school boards of special charter districts by unilateral action to annex territory, and recommended that changes of boundaries of

41

■■■■■■■■■■■■■■

school districts adjacent to these special charter school districts be effected by joint action of the board of the special charter district and of the county board of school trustees.

This court must conclude that Section 16 of the Decatur School District was not repealed by Articles 4A and 4B of the School Code, either directly or by implication, and that it was in full force and effect at the time of the annexation of the Argenta or Caterpillar Tractor area.

■ The plaintiff contends that because the Decatur School District had followed the provisions of other sections of the School Code, it had abandoned Section 16; further, that in one annexation, that of the Lakeview Community Unit School District, the Decatur School District annexed in accordance with the provisions of its special charter and thereafter joined with the Board of Education of the Lakeview School District in petitioning the County Board of School Trustees to declare the Lakeview District annexed under the provisions of the General School Law; and that many other provisions of the General School law are being followed by the Decatur School District. Defendant argues that the Lakeview School annexation was the annexation of a whole school district and that the procedures of both, the Decatur School District under its special charter and that of the General School law, were followed as a matter of precaution. One deviation, if the Lakeview School case can be considered a deviation, cannot be construed as an abandonment.

■ Finally, was there an alteration of the petition after it was signed by the two petitioners. Clearly the words "except the north three hundred feet thereof" were written by a different typewriter. Both Mr. Mansfield and his wife were questioned about this

42

difference and their testimony was not clear. Mrs. Mansfield would not say whether the different typing was on the petition when she signed. She did not remember. Mr. Mansfield on cross examination said the different typing was not on the petition when he and his wife signed it, and on redirect examination said it would be an impossibility for him to say the typing was there or was not there. On the contrary, Ted Bates, who took the petition to the Mansfields, had them sign it and then took it to the office of Lester Grant, the school superintendent, testified there was no change after the signing. Mrs. Ardath Tolly, secretary for the school superintendent, testified there was no alteration while in her hands and Grant, the superintendent, said the exception was on the petition when he first examined it.

There is no definite proof of alteration of the petition sufficient to render it invalid.

For the reasons stated, the decision of the trial court finding the issues for the defendant and entering judgment in bar of the action is affirmed.

Judgment affirmed.

CARROLL, P. J. and ROETH, J., concur.