THE BOARD OF EDUCATION OF ROCKFORD SCHOOL DISTRICT No. 205, Plaintiff-Appellant, v. THE HEARING BOARD OF THE COUNTIES OF BOONE AND WINNEBAGO *et al.*, Defendants-Appellees.

Second District   No. 86—0054

Opinion filed February 26, 1987.

James M. Hess, of Pedderson, Menzimer, Conde, Stoner & Killoren, of Rockford, for appellant.

Bradley T. Koch, of Holmstrom & Green, of Rockford, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

The plaintiff, board of education of Rockford School District No. 205, challenged the action of certain petitioners who sought to detach territory from their special charter school district. The hearing board, which was composed of representatives from the two districts, granted the petition. The circuit court, on administrative review, affirmed, and the plaintiff timely appealed.

On July 18, 1983, petitioners filed a petition for detachment pursuant to section 7—2.4 of the School Code (Code) (Ill. Rev. Stat. 1983, ch. 122, par. 7—2.4) requesting that certain real estate be detached from the Rockford District (plaintiff) (a special charter school district) and annexed to the Winnebago District. The real estate is comprised of approximately 4.7 square miles (2,986 acres) and is situated in the far southwest corner of the Rockford District and immediately adjacent to the Winnebago District in Winnebago County.

Plaintiff filed an objection to the petition for detachment and appointed two members from its school board to serve as members of a seven-person special hearing board (hearing board) which would consider the merits of the petition for detachment. (See Ill. Rev. Stat. 1983, ch. 122, par. 7—2.5.) The office of the regional board of school trustees (regional board) appointed two people from the Winnebago District to serve on the hearing board. As the appointees made to the hearing board by the Rockford District and the Winnebago District were unable to agree upon an additional three members to be appointed to comprise the balance of the hearing board, the Illinois State Board of Education appointed three people who reside outside the jurisdiction of both the Rockford and the Winnebago districts and

who have experience in the field of education.

On November 21, 22, and 26, 1984, the hearing board met, heard testimony, and considered the exhibits and arguments of counsel. On December 10, 1984, a written order of detachment and annexation was entered by the hearing board in conformity with the requirements of section 7—2.6 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 7—2.6).

Plaintiff filed a petition for rehearing with the hearing board which was denied. Plaintiff thereafter perfected an appeal to the circuit court from that decision by filing a complaint for administrative review pursuant to section 7—2.7 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 7—2.7). On December 16, 1985, the circuit court entered a judgment affirming the decision of the hearing board granting the petition for detachment. This appeal followed.

Plaintiff sets forth several contentions on appeal. Since we find plaintiff's first contention dispositive, we will refrain from addressing the others. Plaintiff contends that the creation of noncontiguous islands of territory within the Winnebago District which must still be serviced by the Rockford District violates State law which requires that school districts be compact and contiguous. We agree.

■ It is well settled that case law and statutory law require compact and contiguous school district boundaries. (See *People ex rel. Tudor v. Vance* (1940), 374 Ill. 415; *People ex rel. Sackmann v. Keechler* (1901), 194 Ill. 235; Ill. Rev. Stat. 1983, ch. 122, par. 7—4.) The hearing board failed to adhere to this requirement, and the detachment petition should not have been granted. Plaintiff notes that in the case at bar, the detachment would result in the creation of eight islands which are approximately one mile from the Rockford District western boundary. Plaintiff traced the boundary and proved conclusively that eight islands would exist approximately one mile from the Rockford District. An examination of the legal descriptions and the record reveals that the following parcels, now a part of Rockford District, would become noncontiguous, territorial islands within the Winnebago District and yet remain a part of Rockford District:

| | | |
|---|---|---|
| (1) | 126 X 202 | parcel 8 |
| (2) | 126 X 202 | parcel 11 |
| (3) | 470.44 X 504 (-102.5 X 207) | parcel 17A |
| (4) | 100 X 218 | parcel 21B |
| (5) | 590 X 650 (-100 X 210) | parcel 21 |
| (6) | 108 X 210 | parcel 21D |
| (7) | 100 X 210 | parcel 22 |
| (8) | 107 X 207 | parcel 33 |

(9) 107 X 207                                              parcel 32

These islands would clearly destroy the compact and contiguous nature of both the Rockford District and Winnebago District.

Defendants put forth three arguments to support their proposition that the detachment order should be affirmed: (1) that section 7—4 of the Code (statutorily requiring contiguity and compactness) does not apply to this particular petition since it was filed pursuant to sections 7—2.3 through 7—2.7 of the Code; (2) that the accuracy of the legal description attached to the petition for detachment was stipulated to by the Rockford District; and (3) that even though the detached area arguably failed to be "compact and contiguous," this finding would be irrelevant.

First, the defendants argue that section 7—4 of the School Code clearly and unambiguously applies only to petitions for detachment which are filed pursuant to sections 7—1 and 7—2 of the Code. Sections 7—1 and 7—2 of the School Code apply only to petitions for detachments involving noncharter school districts. Since the Rockford District is a special charter school district, the petition for detachment was filed by the petitioners pursuant to section 7—2.4. We agree that there is no statutory authority for applying section 7—4 of the School Code to petitions which have issued from section 7—2.4 through 7—2.7. Section 7—4 is clearly applicable only to petitions granted under sections 7—1 or 7—2. Therefore, the statutory requirement of "compact and contiguous" found within section 7—4(c) is inapplicable to the instant case.

■ However, in *People v. Decatur School District No. 61* (1963), 45 Ill. App. 2d 33, our court stated that "[o]ur courts have held that school districts must be compact and contiguous in order to comply with the constitutional requirement of an efficient school system." (45 Ill. App. 2d 33, 37.) "Contiguous" has been defined as "adjacent." (*People ex rel. Sackmann v. Keechler* (1901), 194 Ill. 235; *People v. Decatur School District No. 61* (1963), 45 Ill. App. 2d 33, 38.) Clearly, the evidence showed that, while there was a common boundary between the two districts, there also existed eight islands of territory which destroyed the contiguity of each district. Therefore, the ruling of the hearing board and the trial court that the territory was contiguous was against the weight of the evidence.

■ Next, defendants construe plaintiff's argument involving islands as an apparent attack on the sufficiency of the legal description prepared by the petitioners. Defendants submit that the accuracy of the legal description attached to the petition for detachment was stipulated to by the Rockford District. Therefore, the stipulation is bind-

ing on the Rockford District. Defendants' argument is meritless. The stipulation before the hearing board was not a stipulation that there are no noncontiguous territorial islands as Winnebago District contends. The stipulation was merely that the legal description discloses and does portray the area in question accurately. It is interesting to note that counsel for Winnebago District stated at oral argument that he did not know if noncontiguous territorial islands would be created, and he had never once checked the legal description. The whole proceeding was advanced by Winnebago District without regard to the effect on these islands.

■ Finally, defendants contend that even if, *arguendo*, the "compact and contiguity" requirement enumerated within section 7—4 is found to be applicable to the instant petition, the trial court's affirmance of the grant of the hearing of the petition should still be upheld. Defendants point to the following language in *Wirth v. Green* (1981), 96 Ill. App. 3d 89, 93:

"[A] school district will not be held invalid for lack of contiguity or compactness unless it clearly appears from the evidence that children of school age residing in the district cannot reasonably avail themselves of the privileges of the school."

(See also *People v. Decatur School District No. 61* (1963), 45 Ill. App. 2d 33, 37.) Defendants note that no evidence was presented by the Rockford District to the hearing board that would tend to show that the students in the alleged islands would be denied access to the Rockford schools which they are now attending.

We cannot agree. In neither *Wirth v. Green* (1983), 96 Ill. App. 3d 89, nor *People v. Decatur School District No. 61* (1963), 45 Ill. App. 2d 33, was the court confronted with a situation similar to the instant case. Each of those cases involved disputes about irregular, albeit shared, boundaries. In our case, the result of dividing the Rockford District into one large parcel and several smaller islands would impair the ability of Rockford District to furnish the necessary educational service to the islands and would be adverse to the public interest.

The judgment of the trial court is accordingly reversed.

Reversed.

LINDBERG, P.J., and WOODWARD, J., concur.